PEOPLE v TERRELL

Docket No. 69414. Submitted December 8, 1983, at Detriot.—Decided April 17, 1984.

Alberto Terrell was convicted on his plea of guilty in Genesee Circuit Court, Earl E. Borradaile, J., of larceny from a person. Defendant was sentenced to five years probation with the first six months to be served in jail. After having served the six-month jail term and a portion of the noncustodial probation period, defendant was charged with violation of probation based on his failure to report monthly to his probation officer as required as a condition of his probation. Defendant was arraigned on the probation violation charge and immediately thereafter offered a plea of guilty to the charge. During the arraignment portion of the combined arraignment and plea proceeding, the trial court advised defendant, who was represented by counsel, that he had a right to a hearing at which the prosecutor would have the burden of proving that defendant violated probation, that he had a right to be represented by his then present attorney at such a hearing or another attorney would be appointed at public expense, and that if he pled guilty to violating probation his probation could be terminated and he could be imprisoned for a term of up to ten years. The trial court did not advise defendant that he would be released from custody if the revocation hearing was not held with 12 days of the the arraignment, but rather indicated that the hearing would be held within 12 days unless defendant was placed on bond. The trial court did not readvise defendant of his rights during the plea portion of the proceeding which immediately followed the arraignment. After revoking proba-

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 469 *et seq.,* 578, 579.

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[5] 5 Am Jur 2d, Appeal and Error §§ 774, 867.

21 Am Jur 2d, Criminal Law §§ 5959, 629.

tion, the trial court sentenced defendant to a prison term of from five to ten years. Defendant appeals. *Held:*

1. Reversal is not mandated by reason of the failure of the trial court to repeat at the plea proceeding the advice at the arraignment which took place immediately prior to the plea proceeding.

2. Error mandating reversal did not result from the failure of the trial court to specifically state that by pleading guilty defendant waived his right to a contested hearing and the rights incident to such a hearing.

3. While the trial court erred in failing to advise defendant that if a contested hearing were not held within 12 days of arraignment he would be released from custody until such a hearing was held, the failure to so advise defendant in this case was without significance and did not render his subsequent guilty plea involuntary.

4. The trial court did not err in failing to advise defendant of the exact nature of a contested probation violation hearing, since both the constitution and the controlling court rule require only that a probationer be advised of his right to a hearing at which the violation would have to be established.

5. Since the defendant timely sought review of his sentence, the question is properly before the Court of Appeals. The Court of Appeals will grant relief from a sentence only upon a finding that the trial court abused its discretion to the extent that it shocks the conscience of the Court. The sentence imposed by the trial court does not shock the conscience of the Court.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — PROBATION REVOCATION — ARRAIGNMENT.

Reversal of a guilty plea-based determination of probation violation is not mandated where, during the arraignment on the charge of violation of probation, the probationer was fully advised of his right to a contested probation revocation hearing and the rights incident thereto but was not readvised of those rights at the plea proceeding which immediately followed the arraignment hearing, since the advice during the arraignment portion of the single combined arraignment and plea proceeding was sufficient to comply with the mandates of the court rule governing pleas of guilty in probation revocation cases (GCR 1963, 791.5[b]).

2. CRIMINAL LAW — GUILTY PLEAS — PROBATION REVOCATION — CONTESTED HEARING — WAIVER.

Reversal of a guilty plea-based finding of probation violation is

not mandated by reason of the failure of the court to specifically state that by pleading guilty to probation violation the probationer waives his right to a contested hearing and the rights and incidents of such a hearing (GCR 1963, 791.5[b][1]).

3. CRIMINAL LAW — GUILTY PLEAS — PROBATION REVOCATION —
    ARRAIGNMENT — RELEASE FROM CUSTODY.

Reversal of a guilty plea-based finding of probation violation is not mandated by reason of the failure of the court to advise the probationer at his arraignment on the probation violation that, if he is in the custody of the state, he would be released from custody pending the revocation hearing if the revocation hearing were not held within 12 days of arraignment where the probationer offered his guilty plea to probation violation at a hearing immediately following the arraignment on the probation violation; the failure to advise in accordance with the mandate of the court rule was without significance relative to the voluntariness of the plea under these circumstances (GCR 1963, 791.2[e]).

4. CRIMINAL LAW — GUILTY PLEA — PROBATION REVOCATION —
    CONTESTED HEARING.

A court, before accepting a guilty plea of probation violation, need not advise the probationer of the elements of a contested probation revocation hearing, advice of the right to a contested hearing being all that the constitution or court rules require (GCR 1963, 791.5[b][1]).

5. CRIMINAL LAW — APPEAL — SENTENCES.

A criminal defendant may request appellate review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Michael A. Mason,* for defendant.

Before: T. M. BURNS, P.J., and MACKENZIE and R. ROBINSON,* JJ.

PER CURIAM. On May 12, 1981, defendant pled guilty to larceny from a person, MCL 750.357; MSA 28.589, and sentencing was deferred while defendant participated in a drug rehabilitation program. Subsequently, on September 29, 1981, defendant was sentenced to five years probation with the first six months to be spent in the county jail. After serving the six month custodial period and some of the noncustodial probation time, on October 27, 1982, defendant was arraigned on and pled guilty to violating the condition of his probation that he report monthly to his probation officer. On November 9, 1982, defendant's probation was revoked and he was sentenced to five to ten years imprisonment for the larceny from a person offense. Defendant appeals as of right.

Defendant first claims that his guilty plea to violating probation must be reversed because the court failed to advise defendant of his rights in compliance with GCR 1963, 791.5(b), which provides in pertinent part as follows:

"(b) Before the court accepts a guilty plea, it shall, speaking directly to the probationer and receiving the probationer's response,

"(1) personally advise the probationer that by pleading guilty the probationer is giving up the right to a contested revocation hearing, the right to be represented by a lawyer, and the right to an appointed lawyer if the probationer is unable to afford a lawyer;

"(2) personally advise the probationer of the maximum possible sentence for the offense that led to probation."

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

Defendant's plea was taken at a combined arraignment and plea-taking proceeding at which defendant was represented by counsel. During the arraignment portion of the proceeding, prior to the plea-taking, defendant was advised of his right to a hearing at which the prosecutor would have the burden of proving that defendant violated the terms of his probation. Defendant was also advised that he had the right to have his then present attorney or another attorney represent him at the hearing at the county's expense. In addition, the court explained to defendant that, if he were found guilty of violating probation, his probation could be terminated and he could be imprisoned for a term of up to ten years.

Defendant argues that this advice did not satisfy the court rule provisions set forth above because it was given at the arraignment portion of the proceeding and, in order to comply with the plea advice required by GCR 1963, 791.5(b), as set forth above, the court should have repeated this advice when informed that defendant wished to plead guilty. We cannot agree. In the analogous context of the advice required by court rule to be given where a defendant pleads guilty to a crime, the Supreme Court has explained that "a recital of rights to one defendant by one judge on one day, may suffice as a recital of rights to that same defendant by the same judge on that same day in another case". *Guilty Plea Cases,* 395 Mich 96, 121-122; 235 NW2d 132 (1975); *People v Voss,* 133 Mich App 73; 348 NW2d 37 (1984). This principle applies in the instant case where the advice was given at the arraignment portion of a single proceeding at which the defendant's plea of guilty to probation violation was also taken.

Defendant also contends that the advice given at

the arraignment portion was insufficient to satisfy the plea-taking advice required by GCR 1963, 791.5(b)(1) because defendant, while informed of his rights, was not told that by pleading guilty he was waiving those rights. It is true that GCR 1963, 791.5(b)(1), set forth above, requires a court to advise a defendant that "by pleading guilty the probationer is giving up" his right to a contested hearing at which he may be represented by retained or appointed counsel. However, again in the analogous context of a guilty plea to a crime, for which GCR 1963, 785.7(1)(g) requires that a defendant be advised that, if his plea is accepted, he will not have a trial and gives up the rights he would have at a trial, the Supreme Court has held that the failure to inform a defendant that by pleading guilty he waives those rights of which he was advised does not constitute reversible error. *Guilty Plea Cases, supra,* p 123.

Defendant also argues that his plea was involuntary because the court failed to inform defendant, pursuant to the advice required to be given at a probation violation arraignment, that, "if the revocation hearing does not take place within 12 days after arraignment, a probationer in custody in this state based on an alleged probation violation is to be released from custody pending a revocation hearing". GCR 1963, 791.2(e). The court in the instant case did advise defendant at the arraignment portion of the proceeding that the hearing had to be held within the next 12 days unless defendant was "placed on bond" and that bond would be set that day. Defendant contends that the advice given was not sufficient to comply with GCR 1963, 791.2(e) since it did not clearly convey that defendant would be released from custody, even if he could not pay the bond set, after 12 days

if the hearing had not yet been held. However, like *Guilty Plea Cases, supra,* p 119, where the Court found that failure to advise of the probation and parole consequences of pleading guilty to a crime was "without significance" since the defendant was not on probation or parole, any defect here was also insignificant. No bond was set for defendant, nor was defendant held in custody pending a hearing, because defendant immediately pled guilty at the arraignment proceeding. In these circumstances, we find untenable defendant's claim on appeal that his plea was involuntary and induced by fear of lengthy incarceration while awaiting a hearing because of the court's failure to inform him that he would be released from custody in 12 days if the hearing had not yet been held. However, a different result might be warranted had defendant's guilty plea been taken after bond was set, the amount of which defendant knew he would be unable to meet, or been taken after defendant had spent some post-arraignment time in custody without having been released. Hence, we do not sanction the advice given by the court here as a substitute for that required by GCR 1963, 791.2(e).

Defendant further argues that, prior to accepting his plea, the court was required to advise defendant of the elements of a contested probation revocation hearing, such as the right to a neutral and detached hearing body, the right to confront witnesses, the right to remain silent or testify, and the right to present witnesses. See *Gagnon v Scarpelli,* 411 US 778, 786; 93 S Ct 1756; 36 L Ed 2d 656 (1973). We disagree. The court rule setting out the advice to be given prior to accepting a guilty plea to violation of probation does not require that such advice be given. Rather, GCR 1963, 791.5(b)(1)

requires only that a defendant be advised of his right to a "contested revocation hearing" and the right to be represented by counsel, including appointed counsel if unable to afford an attorney. Nor is a court constitutionally required to advise a defendant of the specific elements of a probation revocation hearing prior to accepting a guilty plea; rather, it is sufficient if the court advises the defendant that he has the right to a hearing at which he can contest the probation violation charges. *People v Gaudett,* 77 Mich App 496, 501-502; 258 NW2d 535 (1977).

Finally, defendant claims that his sentence of five to ten years is excessive and requires a remand for resentencing. Recently, our Supreme Court in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), held that sentence length is subject to appellate review. That decision is applicable to the instant case since the sentencing issue was raised by defendant in his appeal and his appeal was pending at the time that decision was issued. *People v Coles, supra,* p 551. However, relief from a sentence will be granted only if the appellate court finds that the trial court "abused its discretion to the extent that it shocks the conscience of the appellate court". *People v Coles, supra,* p 550. Defendant on appeal emphasizes that the condition of his probation which he violated, that he report monthly to his probation officer, was relatively minor. However, while this transgression led to defendant's probation being revoked, defendant's sentence was for his plea-based conviction of larceny from a person, MCL 750.357; MSA 28.589, for which the maximum sentence is ten years imprisonment. After considering the arguments raised by defendant in support of this claim, we do

not find that the court's sentence of five to ten years represents an abuse of discretion which shocks our conscience.

Affirmed.