PEOPLE v REEVES

Docket No. 79742. Submitted March 12, 1985, at Detroit.—Decided
    May 20, 1985.

 Michael Reeves was convicted on his plea of guilty of larceny
 from a person, Recorder's Court of Detroit, Evelyn K. Cooper, J.
 Defendant was sentenced to two years probation with the first
 six months to be served in the Detroit House of Correction.
 After serving the six months and being released, defendant
 continually failed to report to his probation officer, as required
 by the order of probation, and was arrested and charged with
 probation violation. Defendant was convicted on his plea of
 guilty to probation violation and was sentenced to five to ten
 years in prison. Defendant appealed. *Held:*

 1. A sentencing information report need not be prepared
 prior to imposing sentence for violation of an order of proba-
 tion.

 2. The sentencing court sufficiently articulated the reasons
 for the sentence imposed. The failure to comply with conditions
 of an order of probation may be considered by a sentencing
 court in determining the sentence to be imposed upon a convic-
 tion for probation violation. The exercise by a sentencing court
 of its discretion in determining an appropriate sentence will
 not be overturned on appeal unless the sentence imposed
 shocks the conscience of the reviewing court.

 3. The defendant was not denied his right to allocation.
 Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING INFORMATION RE-
 PORT — PROBATION VIOLATION.

 A sentencing information report is not required to be prepared
 when imposing sentence in probation violation situations.

2. CRIMINAL LAW — SENTENCING — PROBATION VIOLATION — APPEAL.

 A sentencing court may properly consider a criminal defendant's

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 27.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 28.
[3] 2 Am Jur 2d, Administrative Law § 412.

lack of compliance with the conditions imposed in an order of probation in determining the appropriate sentence to be imposed upon conviction for probation violation; the Court of Appeals will not interfere with the sentencing court's exercise of its discretion unless the sentence imposed shocks the conscience of the Court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Bernstein, Rabinovitz & Gurwin* (by *Stephen R. Bernstein),* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and R. L. TAHVONEN,* JJ.

D. E. HOLBROOK, JR., J. Defendant pled guilty to a charge of larceny from a person, MCL 750.357; MSA 28.589. He was sentenced on January 28, 1983, to two years probation with the first six months to be served in the Detroit House of Correction. After six months he was duly released and ordered to report to his probation officer every two weeks. Defendant continually failed to report as required and was arrested for violating his probation. He pled guilty to the probation violation and on April 17, 1984, was sentenced to five to ten years imprisonment. He appeals as of right.

On appeal, defendant contends he is entitled to resentencing by reason of the fact that the sentencing guidelines were not utilized when he was sentenced for his probation violation, that the record does not reflect sufficient justification for the sentence, and that the sentencing judge interfered with his right to allocution. We disagree and affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

Turning to the Sentencing Guideline Manual, Section 1, we find that a probation violation is listed as an offense that does not require completion of a sentencing information report (SIR). Hence, we hold a SIR to be unnecessary when a defendant is being sentenced for an actual probation violation. A review of the SIR and all the factors to be included reveals that the guidelines are not equipped to deal with probation violations. There is no method provided for the inclusion of the conduct that resulted in the probation violation in the computation of the sentence. The SIR would look identical on both dates: when probation was first imposed and when the probation was violated. Accordingly, we will not require a SIR in probation violation situations.

Defendant also complains that the trial judge did not articulate sufficient reasons for the sentence in accordance with *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We disagree. The judge, being dissatisfied with the defendant's lack of compliance with his probation conditions and feeling a need to protect society and to discipline defendant, imposed a 5- to 10-year sentence. Our conscience is not shocked with the sentence imposed. *People v Terrell,* 134 Mich App 19, 26-27; 349 NW2d 810 (1984).

Defendant also contends that the sentencing judge improperly interfered with his right to allocution under GCR 1963, 785.8(2). Again, we disagree. One interruption by the trial judge does not constitute interference. As defendant had just violated his probation, the trial judge was within her rights to tell defendant she was not going to place him on probation again. Defendant was allowed and even encouraged to speak.

Affirmed.