PEOPLE v YOUNG

Docket No. 111217. Submitted September 7, 1989, at Detroit. Decided September 25, 1989. Leave to appeal applied for.

In February of 1987, Sammy Ray Young pled guilty in the Muskegon Circuit Court to breaking and entering a building with intent to commit a felony. He was sentenced to three years probation, with the first year to be served in the county jail. On March 24, 1988, defendant pled guilty to probation violation and the trial court, Ronald H. Pannucci, J., sentenced him to five to ten years imprisonment. The substance of the probation violation was defendant's commission of another felony, larceny in a building. Defendant appealed.

The Court of Appeals *held:*

1. Defendant was not denied his Sixth Amendment right to counsel at the probation violation proceedings, as well as his due process right to effective assistance of counsel, as a result of the fact that his court-appointed attorney was a former prosecutor who had been involved in the prosecution of defendant's original breaking and entering offense. The attorney's participation in the prior prosecution was not substantial. Defendant has shown no prejudice resulting from his attorney's prior role as a prosecutor.

2. The sentence was proper. The sentencing guidelines do not apply to probation violations.

Affirmed.

1. ATTORNEY AND CLIENT — CODE OF PROFESSIONAL CONDUCT — FORMER GOVERNMENT EMPLOYEES.

An attorney moving from government employment to private practice is prohibited from becoming involved in those matters in which he participated personally and substantially as a public officer (MRPC 1.11[a]).

REFERENCES

Am Jur 2d, Attorneys at Law §§ 187, 188; Criminal Law §§ 578, 579.
See the Index to Annotations under Attorney or Assistance of Attorney; Conflict of Interest; Parole, Probation, and Pardon; Sentence and Punishment.

2. CRIMINAL LAW — RIGHT TO COUNSEL — CONFLICT OF INTEREST —
  ASSISTANCE OF COUNSEL.

   A defendant who raised no objection at trial to a potential
   conflict of interest involving his lawyer must establish that an
   actual conflict of interest adversely affected his lawyer's perfor-
   mance in order to show a violation of the Sixth Amendment
   right to counsel; the failure to allege prejudice on appeal
   forecloses a finding of ineffective assistance of counsel.

3. CRIMINAL LAW — SENTENCING — PROBATION VIOLATIONS — SEN-
  TENCING GUIDELINES.

   The sentencing guidelines are not applicable when imposing a
   sentence in probation violation situations.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Tony D. Tague,* Prosecuting Attorney, and *Kevin A. Lynch,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for defendant on appeal.

Before: GRIBBS, P.J., and SULLIVAN and REILLY, JJ.

PER CURIAM. Defendant pled guilty to probation violation and was sentenced to five to ten years imprisonment. We affirm.

On November 20, 1986, defendant pled guilty to the underlying offense in this case, breaking and entering a building with intent to commit a felony, MCL 750.110; MSA 28.305. Although defendant was sentenced on January 8, 1987, to a term of three to ten years imprisonment, this sentence was vacated when defendant was later permitted to withdraw his plea. Apparently, there was a misunderstanding concerning the prosecution's recommendation of sentence. In February of 1987, defendant again pled guilty to the breaking and entering charge but then received only three years probation, with the first year to be served in

county jail. However, on March 24, 1988, defendant pled guilty to the instant offense of probation violation. The substance of the probation violation was defendant's commission of another felony, larceny in a building.

On appeal, defendant argues that he was denied his Sixth Amendment right to counsel at the probation violation proceedings, as well as his due process right to effective assistance of counsel, because his court-appointed attorney was a former prosecutor who had been involved in the prosecution of defendant's original breaking and entering offense. Defendant maintains that an actual conflict of interest was thereby created which tainted the probation violation proceedings. We disagree.

The Michigan Code of Professional Conduct provides that an attorney moving from government employment to private practice is prohibited from becoming involved in those matters "in which the lawyer participated personally and substantially as a public officer." MRPC 1.11(a). In the instant case, the prior involvement of defendant's attorney consisted of helping to process the taking of defendant's original plea and appearing at the subsequent January 8, 1987, sentencing hearing. The extent of this latter involvement was as follows:

*The Court:* Any comments on behalf of the prosecution?
*Mr. Tague:* No, Your Honor.

We do not consider that this constituted substantial participation under MRPC 1.11(a).

Moreover, we consider that defendant failed to establish that this prior involvement resulted in a violation of his Sixth Amendment right to counsel

or a denial of his due process right to the effective assistance of counsel. Specifically, we note that defendant does not assert, and the record fails to disclose, that defendant was prejudiced by his attorney's prior role as a prosecutor. This precludes a finding of a Sixth Amendment violation because a defendant who does not object to a potential conflict at trial "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v Sullivan,* 446 US 335, 350; 100 S Ct 1708; 64 L Ed 2d 333 (1980); *People v Rhinehart,* 149 Mich App 172, 174-175; 385 NW2d 640 (1986). In the instant case, defendant not only failed to object, but specifically stated to the court that he was satisfied with his counsel despite his prior role as prosecutor. Defendant's failure to allege prejudice on appeal also forecloses a finding of ineffective assistance of counsel. See *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976); *People v Dalessandro,* 165 Mich App 569, 574; 419 NW2d 609 (1988), lv den 430 Mich 880 (1988).

Defendant also argues that he should be resentenced because his sentence for probation violation exceeds what he would have received under the sentencing guidelines had he been sentenced only on the larceny offense which constituted the violation. Defendant notes that the substance of that offense was the theft of two shirts and two pairs of shoes from a retail store. Although defendant concedes that the sentencing guidelines have previously been held not to apply to probation violations, see *People v Reeves,* 143 Mich App 105, 107; 371 NW2d 488 (1985), defendant urges us to reconsider. We decline defendant's invitation.

Affirmed.