PEOPLE v LESKE

Docket No. 121555. Submitted September 4, 1990, at Lansing. Decided
     January 22, 1991, at 9:55 A.M.

     Timothy J. Leske, Jr., pleaded guilty in the Bay Circuit Court,
     William J. Caprathe, J., of breaking and entering an unoccu-
     pied dwelling, and was sentenced to five years' probation. As a
     condition of probation, he was ordered to complete a program
     in a residential halfway house. The defendant subsequently
     pled guilty of violating the terms of his probation by leaving
     the program before its completion. As a result, the court
     sentenced the defendant to five to ten years in prison without
     granting credit for time spent in the program. The defendant
     appealed.

     The Court of Appeals held:

     1. Where probation includes participation in a residential
     halfway house program, a defendant who is subsequently im-
     prisoned for probation violation need not be given credit for
     time spent in the program.

     2. The sentencing guidelines do not apply to sentences im-
     posed for probation violation. The trial court in this case
     properly disregarded the guidelines in sentencing the defen-
     dant. However, because the defendant raised the issue of sen-
     tence length, remand is required for resentencing pursuant to
     the principle of proportionality announced in People v Mil-
     bourn, 435 Mich 630 (1990).

     Remanded for resentencing.

     MICHAEL J. KELLY, J., dissenting in part, stated that time
     spent by a probationer in a halfway house is tantamount to
     confinement in jail for which credit must be given upon subse-
     quent imprisonment for probation violation.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *Martha G. Mettee,* As-
sistant Prosecuting Attorney, for the people.

*Hubbell & Hubbell* (by *Joseph T. Hubbell*), for
the defendant on appeal.

Before: Danhof, C.J., and Michael J. Kelly and McDonald, JJ.

Danhof, C.J. Defendant pled guilty of breaking and entering an unoccupied building, MCL 750.110; MSA 28.305, and was sentenced to five years' probation. One of the conditions of defendant's probation was that he complete a residential halfway house program called New Paths. Defendant subsequently violated his probation by, among other things, leaving New Paths without permission. Defendant pled guilty of the probation violation and was sentenced to five to ten years in prison. The trial court refused to grant defendant credit for the 133 days he spent in the New Paths program. Defendant appeals as of right, raising three issues related to his sentencing.

Defendant first argues that the trial court improperly denied him credit for the time spent in New Paths. We disagree.

The question whether a defendant is entitled to credit for time spent in a residential halfway house was most recently discussed in *People v Morin,* 159 Mich App 582; 407 NW2d 43 (1987). In *Morin,* the defendant was convicted of larceny and was sentenced to five years' probation. The probation order required the defendant to reside at Rubicon/Odyssey House, a state-licensed residential drug rehabilitation program. After the defendant left the facility without permission, he was ordered to reside at Bay Fresh Start, a residential halfway house. When the defendant again violated the terms of his probation, he was sentenced to a prison term. The defendant was not given credit for the time spent at either residential facility.

In analyzing the issue whether the defendant should have received credit for the time spent in the programs, the *Morin* Court first rejected the

defendant's argument that the sentencing credit statute, MCL 769.11b; MSA 28.1083(2), required that he receive credit. That statute requires that credit be given where a defendant "has served any time in jail prior to sentencing because of being denied or unable to furnish bond . . . ." The *Morin* Court reasoned that the statute did not apply because the defendant's court-required residency at the two programs was subsequent to sentencing, whereas the credit statute requires credit for jail time served prior to sentencing. *Id.,* p 587.[1] On this basis, the Court distinguished *People v Stange,* 91 Mich App 596; 283 NW2d 806 (1979), where the trial court had delayed sentencing pursuant to MCL 771.1(2); MSA 28.1131(2) and had ordered the defendant to enter a residential drug rehabilitation program in the interim.

Instead of relying on the sentencing credit statute to resolve the issue, the *Morin* Court looked to the probation revocation provision of the Code of Criminal Procedure, MCL 771.4; MSA 28.1134, which states in relevant part:

> It is the intent of the legislature that the granting of probation shall be a matter of grace conferring no vested right to its continuance. . . . If a probation order is revoked, the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.

The *Morin* Court stated that this provision "evinces a legislative intent to permit, upon revocation of probation, the imposition of full punish-

---

[1] We agree that the sentencing credit statute does not apply in this situation. But we base our determination on the fact that the defendants in these cases were not jailed "because of being denied or unable to furnish bond." Rather, they were ordered to the residential program pursuant to the terms of their probations.

ment absent consideration of any previously imposed condition of probation." *Morin, supra,* p 588. The Court noted, however, that our Supreme Court's decision in *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), places some strictures on the trial court's ability in this regard. In *Sturdivant,* the Court held that the Double Jeopardy Clause as construed in *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), requires that time spent in a county jail as a condition of probation, MCL 771.3(2)(a); MSA 28.1133(2)(a), be credited against a defendant's subsequent sentence for probation violation. *Morin, supra,* pp 588-589.

The *Morin* Court concluded, on the basis of its assessment of the Legislature's intent as evinced in MCL 771.4; MSA 28.1134, that required residence at "rehabilitative centers" need not be credited against a subsequent prison sentence, and that such a result does not violate the Double Jeopardy Clause. *Id.,* p 589. The Court decided that the defendant's residency at the Rubicon/Odyssey House was clearly rehabilitative, so the defendant was not entitled to credit for time spent in that facility. However, the record was insufficient to assess whether the time spent at Bay Fresh Start was for "structured rehabilitation and treatment" or "mere incarceration." *Id.,* p 590. Therefore, the Court remanded for development of the record detailing the purpose of the program, the restrictions placed on the defendant, and the trial court's intended purpose in ordering the defendant's residence there. *Id.,* pp 589-590.

We agree with the *Morin* Court's determination that, while the Double Jeopardy Clause mandates credit for time served in jail, it does not require credit for time spent in residence at a rehabilitative facility. We also agree that a drug rehabilita-

tion center is manifestly rehabilitative and that credit is not required for time spent at such a facility. However, we depart from the portion of the *Morin* Court's opinion which would permit credit for participation in certain residential halfway house programs. Where participation in a residential halfway house program is required as part of a probation order, we hold that the participation is manifestly rehabilitative and a defendant need not be credited, upon subsequent imprisonment for probation violation, for time spent in such a facility. If the trial court had intended that defendant merely be incarcerated, it could have required him to spend up to a year in the county jail, MCL 771.3(2)(a); MSA 28.1133(2)(a), or it simply could have imposed a prison term in the first instance. We believe that our conclusion on this issue is consistent with the Legislature's stated intent that probation, being an alternative to the more serious penalty of imprisonment, be considered as a matter of grace. MCL 771.1(1); MSA 28.1131(1) and MCL 771.4; MSA 28.1134. We also believe that this conclusion will better promote and encourage the use of such programs by trial judges, while simultaneously providing an incentive for persons residing in such facilities to complete the programs.

We realize that this decision is contrary to earlier decisions of this Court involving similar residential halfway house programs. See, for example, *People v Greene,* 145 Mich App 580; 378 NW2d 553 (1985); *People v Burton Smith,* 143 Mich App 782; 372 NW2d 660 (1985); *People v Winchell,* 143 Mich App 164; 371 NW2d 514 (1985). Each of those cases rested in part on a liberal construction of the sentencing credit statute. See *Winchell,* p 169 ("In view of our duty to construe the jail credit statute liberally, we believe that, for purposes of the stat-

ute, defendant's court-ordered residence in the programs was tantamount to confinement in jail); *Greene,* p 582; *Burton Smith,* p 788. However, as established earlier in footnote 1, we disagree with the position that the sentencing credit statute applies in this situation. Further, we disagree that a program is tantamount to jail merely because it is designed to strictly regiment 'and control the residents' activities. See *Winchell,* pp 168-169; *Greene,* p 583. We therefore hold that the trial court did not err in denying defendant credit for time spent at the New Paths residential halfway house.

Defendant next contests the length of his sentence, and he argues that the trial court should have applied the sentencing guidelines in sentencing him for the probation violation. We have previously held that the sentencing guidelines do not apply to probation violations. *People v Young,* 181 Mich App 728, 731; 450 NW2d 43 (1989); *People v Reeves,* 143 Mich App 105, 107; 371 NW2d 488 (1985). However, because defendant has raised the issue of sentence length, we remand for resentencing under the proportionality standard announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Remanded for resentencing consistent with this opinion. We do not retain jurisdiction.


McDonald, J., concurred.


Michael J. Kelly, J. *(concurring in part and dissenting in part).* I disagree that time spent in a halfway house is not tantamount to confinement in jail for purposes of the sentencing credit statute, MCL 769.11b; MSA 28.1083(2). See *People v Greene,* 145 Mich App 580; 378 NW2d 553 (1985);

*People v Winchell,* 143 Mich App 164; 371 NW2d 514 (1985). Therefore, I respectfully dissent. I would order credit of 133 days for time spent at New Paths halfway house on resentencing.