PEOPLE v PERRY

Docket No. 126915. Submitted January 14, 1993, at Detroit. Decided September 7, 1993, at 9:25 A.M. Leave to appeal sought.

Juan D. Perry was convicted after a bench trial in the Wayne Circuit Court of possession of less than fifty grams of heroin with the intent to deliver and was sentenced to lifetime probation. A condition of the probation was that he not violate the laws of the state. Six months later, a search warrant was executed at his residence and he was arrested for possession of more than fifty grams of cocaine. He was also charged with probation violation. The court, Thomas E. Jackson, J., found that the search warrant was issued without adequate grounds for finding probable cause and, therefore, suppressed the evidence and dismissed the charge of cocaine possession. Following a hearing regarding the charge of probation violation, and on the basis of the testimony of one of the officers who executed the search warrant, the court found the defendant guilty of violating a condition of his probation, revoked his probation, and sentenced him to two to twenty years' imprisonment. He appealed, alleging that the court erred in basing its decision to revoke his probation solely upon the evidence obtained pursuant to an illegal search and seizure in violation of the Fourth Amendment exclusionary rule.

The Court of Appeals *held:*

1. The trial court did not err in considering the illegally seized evidence in revoking the defendant's probation. Furthermore, there were verified facts on the record from which the trial court could have found that the defendant constructively possessed cocaine.

2. The sentence imposed was within the permissible range for the underlying offense.

SHEPHERD, J., stated that the exclusionary rule does not apply where, as in this case, the police had no knowledge or reason to know that the defendant was on probation at the time the search warrant was executed.

GRIFFIN, P.J., concurring in the result, stated that the applicability of the exclusionary rule should not hinge solely on the narrow question whether the police had actual knowledge or

reason to know that the target of their illegal search and seizure was a probationer. Rather, the totality of the circumstances surrounding the Fourth Amendment violation should be examined and the exclusionary rule applied to probation revocation proceedings only in those cases where the exclusion of the evidence would substantially further the deterrent purpose of the exclusionary rule and the need for deterrence outweighs the harm to the probation system. The exclusion of the evidence in this case would not substantially further the deterrent purpose of the exclusionary rule.

Affirmed.

FITZGERALD, J., dissenting, stated that the exclusionary rule applies to probation revocation proceedings, and that this case should be reversed and remanded for a determination .whether the defendant's probation should be continued or revoked without reliance on the unconstitutionally seized evidence.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Don W. Atkins*, Principal Attorney, for the people.

*John B. Payne, Jr.*, for the defendant on appeal.

Before: GRIFFIN, P.J., and SHEPHERD and FITZGERALD, JJ.

SHEPHERD, J. Defendant appeals as of right from the trial court's November 21, 1989, order revoking his November 21, 1988, sentence of lifetime probation for possession with intent to deliver less than fifty grams of heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and imposing a prison sentence of two to twenty years. We affirm.

Following a bench trial on October 28, 1988, defendant was convicted of possession of heroin with an intent to deliver and sentenced to lifetime probation, as permitted by MCL 771.2; MSA 28.1132. Six months later, on April 19, 1989, a search warrant was executed at defendant's resi-

dence and he was arrested for possession of more than fifty grams of cocaine. Shortly thereafter, on April 23, 1989, defendant was charged with probation violation based upon the violation of the criminal laws of this state. Thereafter, on October 20, 1989, the trial court suppressed the evidence of cocaine possession because the search warrant was issued without adequate grounds for finding probable cause. On October 26, 1989, the court dismissed the charge of cocaine possession but refused to dismiss the probation violation warrant without a hearing regarding the facts and circumstances surrounding the warrant.

The probation violation hearing was held on November 9, 1989. On the basis of the testimony of one of the officers who executed the search warrant, the trial court found that defendant violated the condition of probation that he not violate the laws of this state.

On appeal, defendant argues that the trial court's decision to revoke his probation solely upon the evidence obtained pursuant to an illegal search and seizure violated the Fourth Amendment exclusionary rule.

The issue whether the Fourth Amendment exclusionary rule applies to probation revocation proceedings is one of first impression.[1]

Federal decisions are nearly unanimous in concluding that the exclusionary rule does not apply:

The applicability of the exclusionary rule to

---

[1] Previously, in *People v Hardenbrook,* 68 Mich App 640, 645; 243 NW2d 705 (1976), this Court noted "parenthetically" that the exclusionary rule is inapplicable to probation revocation hearings. Nevertheless, *Hardenbrook* did not deal with the specific issue whether the exclusionary rule barring evidence obtained in an illegal search and seizure applies to probation revocation proceedings, but, instead, dealt with the question whether the rule of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), applied to probation revocation hearings.

probation or parole revocation has been considered by eight circuit courts. Seven of those courts have held the rule inapplicable. Only one, the Fourth Circuit, has held to the contrary. Having reviewed the holdings of these courts, we conclude the reasoning applied by the majority of circuits is persuasive, and we aline ourselves with them.

We agree with and underscore the conclusion of the Third Circuit that application of the exclusionary rule to revocation proceedings will not achieve the deterrent effect behind the rule. That observation is particularly true where, as here, the allegedly offensive seizure is conducted by state officers as a prelude to the filing of state charges. Because the deterrence to illegal police conduct, if any, can be accomplished within the framework of the state proceeding, application of the exclusionary rule to a parallel federal revocation proceeding would be redundant. Moreover, as noted by the Third Circuit, application of the exclusionary rule at this stage would not achieve a deterrence as much as it would inhibit the interests of the public in the pursuit of its protection against "convicted criminals who have abused the liberty afforded them." [*United States v Finney*, 897 F2d 1047, 1048 (CA 10, 1990); citations omitted.]

Among the federal circuits that have not applied the Fourth Amendment exclusionary rule to revocation proceedings is the Sixth Circuit. *United States v Farmer*, 512 F2d 160 (CA 6, 1975), cert den 423 US 987 (1975).

The Ninth Circuit, however, has recognized an exception to this rule where the police knew or had reason to believe that the suspect was a probationer. *United States v Winsett*, 518 F2d 51 (CA 9, 1975). There, the court, citing *United States v Calandra*, 414 US 338, 349; 94 S Ct 613; 38 L Ed 2d 561 (1974), stated that the exclusionary rule should not be extended unless the potential harm to the probation system substantially outweighs

potential benefits. *Winsett, supra,* p 54. Accordingly, the Ninth Circuit Court of Appeals concluded that "the Fourth Amendment does not require suppression of evidence in a probation revocation proceeding where, at the time of arrest and search, the police had neither knowledge nor reason to believe that the suspect was a probationer." *Id.,* p 55.

I would adopt the rule set forth by the Ninth Circuit in *Winsett.* As this Court has recognized, the purpose of the exclusionary rule is to preserve judicial integrity and deter police misconduct. *People v Jordan,* 187 Mich App 582, 588; 468 NW2d 294 (1991). Where there is no indication that the police knew or had reason to know that they were targeting a probationer, then the exclusionary rule should not apply to probation revocation proceedings in Michigan.

Applying this rule to the present case, I conclude that the trial court did not err in revoking defendant's probation. There is no indication in the record that the police knew or had reason to know that defendant was on probation when they executed a search warrant at his residence on April 19, 1989. Thus, the exclusionary rule did not apply to bar evidence obtained pursuant to the illegal search and seizure.

I am the only member of this panel who holds that the exclusionary rule does not apply if the police had no knowledge or reason to know that defendant was on probation at the time the search warrant was executed. Judge GRIFFIN's concurring opinion applies a balancing test with respect to this issue. Judge FITZGERALD's dissent takes the position that the exclusionary rule applies in probation revocation proceedings to the same extent that it applies in any other criminal proceeding. There is a majority holding for nothing more than

the dispositive ruling that probation was properly revoked. The panel urges the Supreme Court to grant leave to appeal to resolve the question regarding when and under what circumstances the exclusionary rule applies in probation revocation proceedings. We are publishing this opinion to point out to the bench and the bar that, as of the date of this opinion, this issue has not been resolved in Michigan.

I also note, contrary to defendant's assertion, that there were verified facts on the record from which the trial court could have found that defendant constructively possessed cocaine in the house, *People v Hill,* 433 Mich 464, 470; 446 NW2d 140 (1989), in violation of the probationary condition that he not violate the laws of this state. *People v Buckner,* 103 Mich App 301; 302 NW2d 848 (1980).

Defendant also argues that his sentence violates the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). This claim is meritless.

Although the guidelines do not apply to probation revocation sentencing, *People v Leske,* 187 Mich App 153; 466 NW2d 361 (1991), this Court has held that the guidelines are a useful point of departure in determining where on the continuum the sentence should fall. *People v Peters,* 191 Mich App 159; 477 NW2d 479 (1991). Where the sentence to be imposed is for a major controlled substance offense for which the sentencing court is directed by law to impose a sentence that cannot be more or less than a specified term of years, the court is required to fix the length of both the minimum and maximum sentences within those limits. MCL 769.9(3); MSA 28.1081(3).

At the sentencing for the underlying offense, held on November 21, 1988, the trial court stated that the minimum sentence range for defendant

was twelve to thirty months. The minimum sentence of two years imposed on November 21, 1989, was within the permissible range for the underlying offense.

Affirmed.

GRIFFIN, P.J. *(concurring)*. I concur in the result reached by Judge SHEPHERD. The judgment of the lower court is therefore affirmed.

I write separately, however, because I cannot agree with much of Judge SHEPHERD's analysis regarding the applicability of the exclusionary rule to probation revocation proceedings. In my view, the applicability of the exclusionary rule should not hinge solely on the narrow question whether the police had actual knowledge or reason to know that the target of their illegal search and seizure was a probationer. Rather, I would examine the totality of the circumstances surrounding the Fourth Amendment violation and apply the exclusionary rule to the probation revocation proceedings only in those cases where (1) the exclusion of the evidence would substantially further the deterrent purpose of the exclusionary rule, and (2) the need for deterrence outweighs the harm to the probation system.

I

The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v Leon,* 468 US 897, 906; 104 S Ct 3405; 82 L Ed 2d 677 (1984). The exclusionary rule has never been invoked to disallow the use of illegally seized evidence in all proceedings or against all persons. *United States v*

*Calandra,* 414 US 338; 94 S Ct 613; 38 L Ed 2d 561 (1974). Rather, any extension of the rule beyond its traditional applicability in criminal proceedings is warranted only where the use of the remedy would result in appreciable deterrence of police misconduct. *Leon, supra* at 909. Thus, in deciding to extend the exclusionary rule, the likelihood that the rule's deterrent effect will be achieved should be balanced against the cost of withholding reliable information from the truth-seeking process. *Illinois v Krull,* 480 US 340, 347; 107 S Ct 1160; 94 L Ed 2d 364 (1987). See, e.g., *United States v Janis,* 428 US 433, 454; 96 S Ct 3021; 49 L Ed 2d 1046 (1976); *Calandra, supra* at 351-352.

The competing interests involved in determining whether to extend the exclusionary rule to probation revocation proceedings involve a balancing of the potential harm to the probation system if the evidence is excluded versus the potential benefit of deterring police misconduct. See, e.g., *United States v Winsett,* 518 F2d 51, 54-55 (CA 9, 1975); *Ex parte Caffie,* 516 So 2d 831, 834 (Ala, 1987). If the potential harm substantially outweighs the potential benefits, then the rule should not be extended. See *Calandra, supra* at 351-352.

Although not directly addressed by either the parties or my colleagues, I would hold that the United States[1] and Michigan[2] constitutional guarantees against unreasonable searches and seizures are coextensive with regard to this issue. I find no compelling reason to impose a different or more restrictive construction upon the parallel provision of the Michigan Constitution than is required by the United States Constitution. *People v Collins,* 438 Mich 8, 11; 475 NW2d 684 (1991). Also see

[1] US Const, Am IV.
[2] Const 1963, art 1, § 11.

*People v Nash,* 418 Mich 196; 341 NW2d 439 (1983).

## II

In Michigan, probation is a matter of grace and confers no vested rights in its continuance. MCL 771.4; MSA 28.1134. Under our court rules, the prosecution has the burden of proving by a preponderance of the evidence that a probation violation occurred. MCR 6.445(E)(1).

Judge FITZGERALD would fully extend the exclusionary rule to probation revocation proceedings. He relies upon *United States v Workman,* 585 F2d 1205 (CA 4, 1978), which is the lone federal appellate court decision that has done so. Judge FITZGERALD agrees with the *Workman* rationale in concluding that a probation revocation proceeding is a "criminal proceeding similar to a criminal trial and may result in a loss of liberty", *post* at 360, thus warranting the application of the exclusionary rule. I respectfully disagree. A revocation hearing is not a new trial, but, rather, a hearing to determine whether the defendant has abused the privilege of probation. At the time of the revocation hearing, the defendant stands convicted of a crime. His rights are restricted and his liberty is conditional.

In *United States v Bazzano,* 712 F2d 826, 833 (CA 3, 1983), the United States Third Circuit Court of Appeals, emphasized the following important distinctions between a criminal trial and a probation revocation hearing:

> In considering the effect on probation revocation proceedings of extending the exclusionary rule, it must be remembered that because the probationer has already been found guilty of a crime, and his

liberty is only "conditional," *United States v Basso,* 632 F2d 1007, 1013 (2d Cir, 1980), cert denied, 450 US 965; 101 S Ct 1480; 67 L Ed 2d 613 (1981), a revocation hearing is, in effect, more a resentencing than a taking of rights. As the Supreme Court indicated in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the "full panoply of rights" due a defendant in a criminal prosecution is not available in a revocation proceeding: *Morrissey v Brewer, supra,* 408 US at 480; 92 S Ct at 2599. For example, the government has a lesser burden of proof in revocation proceedings, *United States v Manuszak,* 532 F2d 311, 317 (3d Cir, 1976), and the Federal Rules of Evidence (other than with respect to privileges) do not apply, Fed R Evid 1101(d)(3).

Further, the potential harm to our probation system from invocating the exclusionary rule is substantial. As the Ninth Circuit Court of Appeals summarized in *Winsett, supra* at 54-55:

> The primary purpose of probation, which has become an integral part of our penal system, is to promote the rehabilitation of the criminal by allowing him to integrate into society as a constructive individual, without being confined for the term of the sentence imposed. *Cf. Morrissey v Brewer,* 408 US 471, 477; 92 S Ct 2593; 33 L Ed 2d 484 (1972). An important aspect of our probation system is the placing of certain restrictions on the probationer, such as the requirement that he not associate with criminals or travel outside the judicial district. These conditions serve a dual purpose in that they enhance the chance for rehabilitation while simultaneously affording society a measure of protection. Because violation of probation conditions may indicate that the probationer is not ready or is incapable of rehabilitation by integration into society, it is extremely important that all reliable evidence shedding light on the probation-

er's conduct be available during probation revocation proceedings.

Consequently, to apply the exclusionary rule to probation revocation hearings would tend to frustrate the remedial purposes of the probation system. Not only would extension of the rule impede the court's attempt to assess a probationer's progress or regression, but also it would force probation officers to spend more of their time personally gathering admissible proof concerning those probationers who cannot or will not accept rehabilitation.

Most important, the exclusionary rule should be invoked only when its deterrent purpose would be substantially furthered. I cannot agree that deterrence would be served in every probation revocation proceeding irrespective of the nature of the Fourth Amendment violation.

I agree with Judge SHEPHERD and with the great weight of authority that the exclusionary rule is not fully applicable to probation revocation proceedings. See anno: *Admissibility, in state probation revocation proceedings, of evidence obtained through illegal search and seizure,* 77 ALR3d 636. However, I disagree with Judge SHEPHERD's belief that a police officer's knowledge of the defendant's probationary status should mechanically trigger the application of the exclusionary rule.

In my view, Judge SHEPHERD's knowledge test is simply too broad. See *United States v Montez,* 952 F2d 854 (CA 5, 1992). The adoption of such a rule would lead to the exclusion of evidence in probation revocation proceedings where the facts simply do not justify exclusion given the competing interests at stake. Although a police officer's knowledge of the defendant's probationary status is certainly a relevant consideration to cause careful scrutiny of the officer's actions, such knowledge should not

serve as the sole basis for determining the applica-
bility of the exclusionary rule. Rather, the deter-
rent effect of excluding the evidence should be
assessed and weighed against the harm to our
probation system.

### III

My views regarding this issue are substantially
influenced by the scholarly review and analysis
contained in note, *The applicability of the exclu-
sionary rule to probation revocation proceedings,*
17 Mem St U L R 555 (1987). Its author articulates
the following rule of law that I accept and urge
the Supreme Court to adopt:

> [The decision whether to apply the exclusionary
> rule to a probation revocation proceeding] should
> only be made after carefully reviewing all the
> facts surrounding the particular fourth amend-
> ment violation to determine whether exclusion
> will substantially further the rule's deterrent pur-
> pose. Since the rule is not constitutionally man-
> dated, the courts must carefully avoid defeating its
> deterrent purpose by mechanically applying the
> rule to every revocation proceeding.
>
> . . . [T]he court's analysis must focus specifically
> on any deterrent benefits application of the rule
> might provide. Various factors the courts should
> consider include whether the officer knew that the
> victim of the fourth amendment violation was a
> probationer, whether the officer was acting in good
> faith when conducting the illegal search, and
> whether the evidence was secured for the primary
> purpose of using it in a revocation proceeding.
> Only after reviewing all the surrounding factors
> will the court be able to properly assess whether
> exclusion of the evidence will further the rule's
> deterrent purpose.
>
> The court's analysis of this issue must not stop
> at this point, however, for deterrence alone does

not justify invoking the exclusionary rule. As set forth in *Calandra,* the courts must remain concerned with the harm that will necessarily result through exclusion of the incriminating evidence. Probation, which allows a convicted defendant to avoid incarceration, is designed to protect society while attempting to rehabilitate the defendant. If a defendant's abuse of his probationary privilege is barred from judicial review, the dual goals of probation become severely impaired.

Therefore, the determination of whether to apply the exclusionary rule to a probation revocation proceeding requires a two-step analysis. First, the courts must ascertain whether any appreciable deterrent benefits can be achieved through exclusion. If so, the courts must then decide if the need for deterrence outweighs the injury the probation system will necessarily suffer if incriminating evidence is excluded from the proceeding. Only if the answer to the latter question is yes should the exclusionary rule be applied. [*Id.* at 580-581.]

After applying the above test, I concur with Judge SHEPHERD in affirming the decision of the lower court. I do so for the reason that in the present case the exclusion of the evidence would not substantially further the deterrent purpose of the exclusionary rule. I join in the remaining portions of Judge SHEPHERD's opinion.

FITZGERALD, J. *(dissenting).* I respectfully dissent from the majority's conclusion that the Fourth Amendment exclusionary rule does not, in the absence of an indication that the police knew or had reason to know that they were targeting a probationer, apply to probation revocation proceedings. See *United States v Workman,* 585 F2d 1205, 1209-1211 (CA 4, 1978). Noting the similarity between a probation violation proceeding and other criminal adjudicative proceedings, the Fourth Circuit Court of Appeals stated:

[T]he Supreme Court has never exempted from the operation of the exclusionary rule any adjudicative proceeding in which the government offers unconstitutionally seized evidence in direct support of a charge that may subject the victim of a search to imprisonment. Indeed, the court has observed that standing to invoke the exclusionary rule "is premised on a recognition that the need for deterrence and hence the rationale for excluding the evidence are strongest where the Government's unlawful conduct would result in imposition of a criminal sanction on the victim of the search." [*Id.* at 1211; citation omitted.]

Although a probation revocation proceeding is not a stage of a criminal prosecution, it is a criminal proceeding similar to a criminal trial and may result in a loss of liberty. I would hold, therefore, that the trial court must determine whether defendant's probation should be continued or revoked without reliance on the unconstitutionally seized evidence and would reverse and remand for such a determination.