683 N.W.2d 218 (2004)
261 Mich.App. 673
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Darin HENDRICK, Defendant-Appellant.
Docket No. 248892.
Court of Appeals of Michigan.
Submitted February 3, 2004, at Detroit.
Decided May 4, 2004, at 9:00 a.m.
Released for Publication July 7, 2004.
*219 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Michael E. Duggan, Prosecuting Attorney, Timothy A. Baughman, Chief of Research, Training, and Appeals, and Carolyn M. Breen, Assistant Prosecuting Attorney, for the people.
State Appellate Defender (by Marla R. McCowan), for the defendant on appeal.
Before: MARK J. CAVANAGH, P.J., and GAGE and ZAHRA, JJ.
ZAHRA, J.
This case is before us on remand from the Supreme Court for consideration as on leave granted.[1]People v. Hendrick, 468 *220 Mich. 918, 662 N.W.2d 757 (2003). After defendant violated his probation, the trial court sentenced him to one to five years' imprisonment for his conviction of attempted first-degree home invasion, MCL 750.92; MCL 750.110a(2), and ten to twenty years' imprisonment for his conviction of possession of a Molotov cocktail, MCL 750.211a. The Supreme Court ordered this Court to review the following issues on appeal:
(1) whether the legislative sentencing guidelines apply to sentences imposed after probation violation, and (2) if not, whether the legislative guidelines permit application of the People v. Milbourn, 435 Mich. 630, 461 N.W.2d 1 (1990), proportionality principles in such situations. [Hendrick, supra at 918, 662 N.W.2d 757.]
We hold that the legislative sentencing guidelines apply to sentences imposed after a probation violation. Because defendant's sentence for possession of a Molotov cocktail is above the legislative guidelines range and the trial court did not articulate substantial and compelling reasons to depart upward from this range, we vacate defendant's sentence for possession of a Molotov cocktail and remand for resentencing.

I. Facts and Procedure
In March 2000, defendant pleaded guilty of attempted first-degree home invasion, and was sentenced to five years' probation, the first year to be served in jail. In April 2001, defendant pleaded guilty of possession of a Molotov cocktail, and was sentenced to five years' probation, the first year to be served in jail. The trial court held a probation violation hearing and determined that defendant's conviction of possession of a Molotov cocktail and his failure to report to the probation department violated the terms of probation imposed for his conviction of attempted first-degree home invasion. In lieu of imposing additional punishment, the trial court continued defendant's probation. In July 2001, defendant was arrested for walking on a public street while in possession of a 12 gauge shotgun. The trial court found that this conduct violated the terms of defendant's probation, revoked his probation, and sentenced him to one to five years' imprisonment for his conviction of attempted first-degree home invasion and ten to twenty years' imprisonment for his conviction of possession of a Molotov cocktail. In imposing these sentences, the trial court stated that the legislative sentencing guidelines did not apply to defendant's sentences, because he was being sentenced after violating his probation.

II. Analysis

A. Standard of Review
The resolution of whether the legislative sentencing guidelines apply to sentences imposed after a probation violation is a matter of statutory interpretation, which we review de novo. People v. Davis, 468 Mich. 77, 79, 658 N.W.2d 800 (2003).

B. The Legislative Guidelines Apply to Sentences Imposed After a Probation Violation
Before 1983, sentencing guidelines did not exist in Michigan and trial courts sentenced convicted offenders to a period within the statutory minimums and maximums for any given offense. People v. Babcock, 469 Mich. 247, 253, 666 N.W.2d 231 (2003) (On Remand), 258 Mich.App. *221 679, 672 N.W.2d 533 (2003). In 1983, the Supreme Court developed judicial sentencing guidelines in order to "`eliminate most of the serious inequities in the indeterminate sentence process and thus obviate to a great extent the necessity for appellate review of sentences.'" People v. Clark, 147 Mich.App. 237, 242, 382 N.W.2d 759 (1985), quoting Sentence Review Committee Report and Recommendation, pp 29-30 (July, 1982). As explained in People v. Hegwood, 465 Mich. 432, 438, 636 N.W.2d 127 (2001), the judicial sentencing guidelines were
"mandatory" only in the sense that the sentencing court was obligated to follow the procedure of "scoring" a case on the basis of the circumstances of the offense and the offender, and articulate the basis for any departure from the recommended sentence range yielded by this scoring. However, because the recommended ranges found in the judicial guidelines were not the product of legislative action, a sentencing judge was not necessarily obliged to impose a sentence within those ranges.
The judicial sentencing guidelines were not applicable to a wide variety of offenses, including sentences imposed after probation violations. People v. Cotton, 209 Mich.App. 82, 83-84, 530 N.W.2d 495 (1995).
In 1998, the Legislature enacted statutory sentencing guidelines that apply to certain enumerated felonies committed on or after January 1, 1999. MCL 777.1 et seq.; MCL 769.34(2). "The evident purposes [for enacting the legislative sentencing guidelines] included reduction of sentencing disparity, elimination of certain inappropriate sentencing considerations, acceptance of [the Michigan Supreme Court's] Tanner[2] rule, encouragement of the use of sanctions other than incarceration in the state prison system, and resolution of a potential conflict in the law." People v. Garza, 469 Mich. 431, 435, 670 N.W.2d 662 (2003). Under the legislative guidelines, a court's sentencing discretion is limited, and sentences must be imposed in accordance with the appropriate sentence range. MCL 769.34(2); Hegwood, supra at 438, 636 N.W.2d 127. Departure from the guidelines may occur only if a court has substantial and compelling reasons to do so and states the reasons for departure on the record. MCL 769.34(3); Hegwood, supra at 439, 636 N.W.2d 127. A departure from the legislative guidelines range must render the sentence proportionate to the seriousness of the defendant's conduct and the individual's criminal history. Babcock, supra, 469 Mich. at 264, 666 N.W.2d 231.
Defendant argues that the legislative guidelines apply to sentences imposed after a probation violation, and that the trial court erred in imposing a sentence above the guidelines without providing substantial and compelling reasons for doing so. We must interpret the legislative sentencing guidelines to determine whether they apply to sentences imposed following the violation of probation. When interpreting a statute,
our primary goal is to ascertain and give effect to the intent of the Legislature. To do so, we begin by examining the language of the statute. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and the statute is enforced as written. Stated differently, a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Only where the statutory language *222 is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [People v. Phillips, 469 Mich. 390, 395, 666 N.W.2d 657 (2003) (internal citations and quotation marks omitted).]
Both MCL 769.34(2) and MCL 771.4 are applicable to this case and are therefore statutes in pari materia. The Michigan Supreme Court has explained statutes in pari materia as follows:
"Statutes in pari materia are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other." [State Treasurer v. Schuster, 456 Mich. 408, 417, 572 N.W.2d 628 (1998), quoting Detroit v. Michigan Bell Tel. Co., 374 Mich. 543, 558, 132 N.W.2d 660 (1965) (citations omitted from Michigan Bell Tel Co).]
It is a well-recognized principle that the Legislature is presumed to be cognizant of all existing statutes when enacting new legislation. Jenkins v. Patel, 256 Mich.App. 112, 126, 662 N.W.2d 453 (2003). Statutes that may appear to conflict are to be read together and reconciled, if at all possible. Detroit Police Officers Ass'n v. Detroit, 391 Mich. 44, 65, 214 N.W.2d 803 (1974). When two statutes are capable of a construction that avoids conflict, that construction should control. Jackson Community College v. Dep't of Treasury, 241 Mich.App. 673, 681, 621 N.W.2d 707 (2000). Only when conflict exists between two statutes should the one that is more specific to the subject matter prevail. In re Brown, 229 Mich.App. 496, 501, 582 N.W.2d 530 (1998).
Here, there is no conflict or ambiguity requiring statutory construction. MCL 769.34(2) provides, in pertinent part, that "the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed." Because defendant committed the felonies for which he was sentenced after January 1, 1999, and the felonies were specifically identified as felonies subject to the legislative sentencing guidelines, the guidelines apply to sentencing following his probation violation. The language of MCL 769.34(2) is very clear and no exception to this legislative directive is found anywhere else in the legislative sentencing guidelines or the Code of Criminal Procedure. Thus, the legislative sentencing guidelines apply to all enumerated felonies committed on or after January 1, 1999, regardless of whether the sentence is imposed after a probation violation.[3]
Our conclusion is supported by MCL 771.4, which addresses sentences imposed *223 after a probation violation: "If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." As used in MCL 771.4, "may" indicates that the trial court has the discretion and authority to resentence the probationer after revoking his probation. Thus, the court may continue or extend probation, or the court may revoke probation and sentence "the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." MCL 771.4. Use of the permissive term may when describing the trial court's authority to resentence a probationer after revoking his probation does not excuse the trial court from complying with the Legislature's mandate in MCL 769.34(2) that the court must impose a sentence within the guidelines when the crime was committed on or after January 1, 1999. MCL 771.4 provides the trial court with the discretion to either continue probation or revoke probation and resentence the probationer. If the court elects to revoke probation and resentence the probationer, MCL 771.4 expressly requires the court to impose a sentence that was available at the time of the initial sentencing. If the underlying crime was an enumerated felony that was committed on or after January 1, 1999, the sentence that was available at the time of the initial sentencing was one that was governed by the legislative guidelines.[4]

C. Defendant is Entitled to Resentencing
Having concluded that the trial court must apply the legislative sentencing guidelines to sentences it imposes after revoking probation for an enumerated felony that was committed on or after January 1, 1999, we must next determine whether defendant is entitled to be resentenced in this case. With reference to his conviction of possession of a Molotov cocktail, defendant was sentenced to ten to twenty years' imprisonment, while it appears that his applicable minimum sentence range under the legislative guidelines was twelve to forty-eight months.[5] As such, defendant's sentence constitutes an upward departure from the minimum guidelines range.[6]
MCL 769.34(3) permits a court to "depart from the appropriate sentence range established under the sentencing guidelines... if the court has a substantial and compelling reason for that departure and *224 states on the record the reasons for departure." Our Supreme Court has defined a substantial and compelling reason for departure from the guidelines as requiring "an `objective and verifiable' reason that '"keenly" or " irresistibly" grabs our attention'; is `of "considerable worth" in deciding the length of a sentence'; and `exists only in exceptional cases.'" Babcock, supra, 469 Mich. at 258, 666 N.W.2d 231, quoting People v. Fields, 448 Mich. 58, 62, 67-68, 528 N.W.2d 176 (1995). MCL 769.34(3) requires a court to "state[] on the record the reasons for departure" and the "`substantial and compelling' circumstances articulated by the court must justify the particular departure in a case...." Babcock, supra, 469 Mich. at 259, 666 N.W.2d 231, quoting Hegwood, supra at 437 n. 10, 636 N.W.2d 127 (emphasis omitted).
We disagree with the prosecution's assertion that, because a defendant is already assessed points under prior record variable six (PRV 6) for violating his probation, a trial court upon resentencing would be precluded from departing from the guidelines based on the probation violation. The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds ... that the characteristic has been given inadequate or disproportionate weight. MCL 769.34(3)(b). PRV 6 addresses an offender's conduct before the commission of the offense for which he is being sentenced. Here, the violation of probation arose after the commission of the underlying offense. Therefore, PRV 6 does not apply.
PRV 7 (subsequent or concurrent felony convictions) accounts for conduct occurring after the underlying crime was committed, but only assesses points for subsequent or concurrent felony convictions. MCL 777.57. PRV 7 does not assess points for violations of probation after the commission of the underlying crime. Thus, a probation violation is not a factor that is already considered by the guidelines. The granting of probation is a matter of grace, MCL 771.4, and is given to a criminal offender as a chance to avoid confinement by proving that he can conform to the rules and laws of society. When a probationer violates his probation, it is a violation of public trust and can, in exceptional cases, amount to a substantial and compelling reason to depart from the guidelines range. Therefore, when resentencing a defendant after revoking his probation, the trial court may consider the seriousness and severity of the circumstances surrounding the probation violation in determining whether there is a substantial and compelling reason to depart from the guidelines.
The trial court stated the following as reasons for the sentences imposed upon defendant:
You have demonstrated by your conduct over and over again that you do not belong out here in the streets with the rest of us.
I know that the complainant in the Molotov cocktail case, the person's who's house  it was your sister.
* * *
You were going to go and throw a Molotov cocktail in her house. You go and you bust down a door and help your buddy go in and terrorize his ex-girlfriend or his wife. You're a very dangerous individual. You have no respect for women. You have no respect for their lives, and I've got to get you off the streets.
Because now here you are, and you let it go, that you're in your sister's neighborhood again with a gun. And guess *225 what? The police are there because somebody sees you with the gun, and they make a telephone call. You're a very dangerous individual.
The trial court's reasons for the sentence imposed do not constitute substantial and compelling reasons to deviate from the legislative sentencing guidelines. References to defendant's prior criminal history and recidivist nature are insufficient, because they are factors included in the scoring of the prior record variables for the underlying offenses, and the court did not indicate that these factors were given inadequate weight when scored. MCL 769.34(3)(b).
Accordingly, we vacate the sentence imposed on defendant for his conviction of possession of a Molotov cocktail, and remand for resentencing. To the extent the trial court concludes on resentencing that substantial and compelling reasons exist to deviate from the statutory sentencing guidelines, the trial court must comply with the requirements of MCL 769.34(3) and Babcock, supra.

III. Conclusion
The legislative sentencing guidelines apply to sentences imposed after a probation revocation. Defendant is entitled to be resentenced under the legislative guidelines for his conviction of possession of a Molotov cocktail. His sentence for this conviction is vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.[7]
Sentence vacated and case remanded for resentencing. We do not retain jurisdiction.
NOTES
[1] This Court initially dismissed defendant's claim of appeal for lack of jurisdiction. People v. Hendrick, unpublished order of the Court of Appeals, entered December 28, 2001 (Docket No. 237804). This Court then denied defendant's delayed application for leave to appeal. People v. Hendrick, unpublished order of the Court of Appeals, entered September 30, 2002 (Docket No. 243318). Defendant sought leave to appeal in the Michigan Supreme Court and, in lieu of granting defendant's application for leave to appeal, the Supreme Court remanded the matter to this Court for consideration as on leave granted. People v. Hendrick, 468 Mich. 918, 662 N.W.2d 757 (2003).
[2] People v. Tanner, 387 Mich. 683, 690, 199 N.W.2d 202 (1972).
[3] The prosecution cites People v. Williams, 223 Mich.App. 409, 412, 566 N.W.2d 649 (1997), People v. Edgett, 220 Mich.App. 686, 690, 560 N.W.2d 360 (1996), and People v. Reeves, 143 Mich.App. 105, 107, 371 N.W.2d 488 (1985), where this Court determined that the judicial sentencing guidelines did not apply to probation violations. However, in Reeves, supra at 107, 371 N.W.2d 488, this Court explained that the judicial guidelines do not apply to probation violations, in part, because the judicial sentencing guidelines manual specifically lists a probation violation as an offense that does not require the completion of a sentencing information report. The legislative sentencing guidelines include no such provision.
[4] Our Supreme Court has recognized that a violation of probation is not a crime. People v. Kaczmarek, 464 Mich. 478, 482, 628 N.W.2d 484 (2001). A probation violation does not expose the probationer "`to punishment other than that to which he was already exposed....'" Id. at 483, 628 N.W.2d 484, quoting People v. Johnson, 191 Mich.App. 222, 226, 477 N.W.2d 426 (1991). "Instead, revocation of probation simply clears the way for a resentencing on the original offense." Kaczmarek, supra at 483, 628 N.W.2d 484, citing MCL 771.4.
[5] This Court does not have independent verification of the guidelines range for defendant's conviction of possession of a Molotov cocktail, due to the unavailability of the sentencing information report for this offense. However, defendant's counsel represents that the offense was originally scored at twelve to forty-eight months and the prosecution does not dispute this claim.
[6] Defendant does not challenge the sentence imposed by the court for his conviction of attempted first-degree home invasion. The prosecution has not filed a cross-appeal or otherwise argued that, to the extent that the legislative sentencing guidelines apply to this case, this Court should review whether the sentence imposed for defendant's conviction of attempted first-degree home invasion should be vacated as being an inappropriate downward departure from the legislative guidelines.
[7] Because we conclude that the legislative sentencing guidelines apply to sentences imposed after a probation violation, we need not address the second question presented in the Supreme Court's remand order. Hendrick, supra at 918, 662 N.W.2d 757.