*In re* BROWN

(BROWN v TOWNSEND)

Docket No. 194150. Submitted February 3, 1998, at Detroit. Decided May 5, 1998, at 9:15 A.M. Leave to appeal sought.

The Oakland County Probate Court appointed Rosena Brown and her husband co-personal representatives of the estate of Ryan T. Brown, deceased. In order to investigate a possible wrongful death action arising from Ryan's fatal automobile accident, the attorney for the estate, Marc Lipton, sent a letter to Loretta Townsend, the driver of one of the other vehicles involved in the accident, requesting that she appear at his office to give a statement regarding her knowledge of the facts of the accident. A subpoena signed by Lipton was attached to the letter. After Townsend appeared and gave a statement, she retained an attorney. Townsend's attorney moved for the imposition of sanctions under MCR 2.114. The probate court, Barry M. Grant, J., granted the motion and entered an order imposing sanctions, ruling that Lipton violated the court rule by obtaining discovery before a civil action was commenced in accordance with MCR 5.101(C). The Oakland Circuit Court, Robert C. Anderson, J., denied leave to appeal from that order. Brown appealed by leave granted.

The Court of Appeals *held*:

1. This action presents an apparent conflict between MCR 2.101, which provides that there is one form of action known as a "civil action" and that a civil action is commenced by filing a complaint with a court, and MCR 5.101, which provides that in the probate court there are two forms of action, a "proceeding" and a "civil action, and that a proceeding is commenced by the filing of a petition in the probate court.

2. Rules applicable only in a specific court or only to a specific type of proceeding apply only to that court or to that type of proceeding and control over conflicting general rules. Here, in the context of probate court matters, MCR 5.101 is more specific than the general rules in chapter 2 of the Michigan Court Rules.

3. An action sufficient to authorize the use of a deposition subpoena in the probate court includes a properly commenced proceeding. The lower courts erred in finding that discovery is pre-

cluded in the probate court unless a civil action has been commenced according to MCR 2.101(A). The special rules applicable to the probate court contained in chapter 5 of the Michigan Court Rules authorized the issuance of the subpoena. The order imposing sanctions must be reversed.

Reversed.

1. COURT RULES — CONFLICT OF RULES.

Court rules stated to be applicable only in a specific court or only to a specific type of proceeding apply only to that court or to that type of proceeding and control over conflicting general rules (MCR 1.103).

2. COURT RULES — PROBATE COURT RULES — ACTIONS — DISCOVERY.

The specialized court rules pertaining to the probate court contained in chapter 5 of the Michigan Court Rules recognize a petition-initiated proceeding as a proper form of action; because an action sufficient to authorize the use of a deposition subpoena in the probate court includes a properly commenced petition-initiated proceeding, discovery in the probate court is appropriate even though a civil action has not been commenced according to MCR 2.101(A).

*Donald M. Fulkerson* and *Lipton & Lipton, P.C.* (by *Marc Lipton*), for Rosena Brown, personal representative of the estate of Ryan T. Brown, deceased.

*Mellon, McCarthy & Van Dusen, P.C.* (by *Timothy R. Van Dusen* and *Anthea E. Papista*), for Loretta Townsend.

Before: CAVANAGH, P.J., and WHITE and YOUNG, JR., JJ.

YOUNG, Jr., J. Appellant Rosena Brown, as personal representative of the estate of Ryan Terrell Brown, deceased, appeals by leave granted from the circuit court's denial of leave to appeal from the decision of the probate court assessing sanctions in the amount of $1,584.12 against the estate's attorney pursuant to MCR 2.114. The probate court ruled that the estate's attorney violated the court rules by obtaining discovery before a "civil action" was commenced in accor-

dance with MCR 5.101(C). We disagree and reverse the probate court's order.

I

Appellant Rosena Brown's son, Ryan, was killed in an automobile accident on January 17, 1995. In addition to the decedent's vehicle, two others were involved in the accident, one of which was driven by appellee Loretta Townsend. Mrs. Brown retained attorney Marc Lipton to represent the decedent's estate. Lipton filed a petition in the probate court to have Mrs. Brown and her husband appointed as co-personal representatives, which petition the court granted. Because a possible cause of action arising from the accident constituted the estate's principal asset, Lipton began to investigate the accident to determine whether any claims for wrongful death could be pursued. In a letter to Townsend, Lipton stated in part:

> Please be advised that we represent the estate of Ryan Brown, deceased, who was injured and killed in an automobile accident with you and another vehicle in January of 1995.
>
> Would you please either contact my office so that I can discuss this matter with you or turn this letter over to the insurance company which insured your vehicle at the time of the accident[?]

Townsend, in turn, gave the letter to her insurance company, Citizen's Insurance Company of America. Citizens disputed Townsend's liability.

Lipton sent another letter to Townsend requesting that she appear at his office to give a statement regarding her knowledge of the facts of the accident. A subpoena signed by Lipton was attached to the let-

ter. Townsend appeared at Lipton's office as directed and, without benefit of an attorney, gave a recorded statement that the probate court later characterized as a deposition. Timothy Van Dusen, an attorney who was eventually retained to represent Townsend, moved for the imposition of sanctions under MCR 2.114 on the ground that Lipton's conduct was in violation of the court rules. The probate court agreed and issued a written opinion stating, in relevant part:

> [T]he court finds that Mr. Lipton, as counsel for the estate, failed to comply with MCR 5.101. More particularly, the estate failed to file a verified petition within the parameters of MCR 5.101(c) [sic]. Moreover, as there was no contested case or civil action instituted by the estate in the probate or circuit court, the issuance of a subpoena to Ms. Townsend was in violation of MCR 2.305.

The court subsequently ordered Lipton personally to pay Townsend's costs and attorney fees in the amount of $1,584.12. The circuit court denied Mrs. Brown's application for leave to appeal that decision; we granted leave to appeal.[1]

II

This controversy involves the relationship of (and apparent conflict between) the general rules contained in chapter 2 of the Michigan Court Rules and

---

[1] Townsend challenges our jurisdiction over this appeal. Because Mrs. Brown's application for leave to appeal from the probate court's decision was not filed in the circuit court within twenty-one days from the entry of the order, see MCR 7.103(B)(1), an affidavit explaining the delay should have been presented. MCR 7.103(B)(6). However, contrary to Townsend's assertion, the circuit court's failure to require the affidavit did not deprive the circuit court, or this Court, of jurisdiction to decide Mrs. Brown's appeal. See *People v Flowers*, 191 Mich App 169, 172-173; 477 NW2d 473 (1991).

the special rules applicable to the probate court contained in chapter 5. The probate court's determination that the "deposition" undertaken by Lipton was unauthorized under the court rules turned on its conclusion that the commencement of a probate "proceeding" was not the commencement of an "action" within the meaning of MCR 2.302(A)(1). Mrs. Brown argues that the probate court erred in imposing sanctions against Lipton because the court rules, as specifically modified by the rules applicable to the probate court, expressly permit the use of discovery once a *proceeding* has been commenced under MCR 5.101(B). We believe that Mrs. Brown's construction of the relevant court rules is sound.

Generally, we review for clear error a trial court's factual finding that a pleading or other paper was signed in violation of MCR 2.114. *Contel Systems Corp v Gores*, 183 Mich App 706, 711; 455 NW2d 398 (1990). Here, however, the probate court's decision to impose sanctions was based on its interpretation of the relevant court rules, creating a question of law that we review de novo on appeal. *Blue Cross & Blue Shield of Michigan v Eaton Rapids Community Hosp*, 221 Mich App 301, 314; 561 NW2d 488 (1997).

The construction of a court rule is subject to the same basic principles that govern statutory interpretation. *St George Greek Orthodox Church of Southgate v Laupmanis Associates, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994); *Mahrle v Danke*, 216 Mich App 343, 348; 549 NW2d 56 (1996). If the plain and ordinary language of a court rule is clear, judicial construction is neither necessary nor permitted. *Michigan Millers Mut Ins Co v Bronson Plating Co*, 197

Mich App 482, 490; 496 NW2d 373 (1992), aff'd 445 Mich 558; 519 NW2d 864 (1994).

MCR 2.302(A)(1) states that, "[a]fter commencement of an *action*, parties may obtain discovery by any means provided in subchapter 2.300 of these rules." (Emphasis added.) Subchapter 2.300 authorizes the issuance of a subpoena for the taking of testimony by deposition. MCR 2.305. Important to this case is MCR 2.101, which provides that "[t]here is one form of action known as a 'civil action,'" MCR 2.101(A), and which further provides that a "civil action is commenced by filing a complaint with a court." MCR 2.101(B). It is Townsend's position that, because a probate *proceeding*, and not a *civil action*, had been commenced, the estate, through Lipton, was not authorized to issue a deposition subpoena.

Townsend's argument is dependent upon the apparent conflict between MCR 2.101 and MCR 5.101. MCR 5.101(A) provides that, in the probate court, there are two forms of "action," a "proceeding" and a "civil action," while subsection (B) provides that a proceeding is commenced by the filing of a petition in the probate court. Thus, in contrast with chapter 2's general rules pertaining to civil proceedings, the specialized court rules pertaining to the probate court recognize a petition-initiated proceeding as a proper form of action. The apparent conflict between MCR 2.101 and MCR 5.101 is resolved by the basic rule of statutory construction requiring that, when two statutory provisions conflict and one is specific while the other is only generally applicable, the specific provision prevails. *Nat'l Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 549; 563 NW2d 65 (1997); cf. MCR 1.103 ("Rules stated to be applicable only in

a specific court or only to a specific type of proceeding apply only to that court or to that type of proceeding and control over general rules.") Additionally, MCR 2.001 states: "The rules in this chapter govern procedure in all civil proceedings in all courts . . . except where . . . a rule applicable to a specific court or a specific type of proceeding provides a different procedure."

Clearly, in the context of probate court matters, MCR 5.101(A) and (B) are more specific and specialized rules than their general counterparts in chapter 2. Thus, an "action" sufficient to authorize the use of a deposition subpoena in the probate court includes a properly commenced proceeding. Our conclusion is further buttressed by the admonition of MCR 5.001(A) that procedures in the probate court are "governed by the rules applicable to other civil proceedings, *except as modified by the rules in this chapter.*" (Emphasis added.) Because MCR 5.101 is controlling over MCR 2.101 in the probate court, we reject Townsend's argument that discovery is precluded in the probate court unless a civil action has been commenced according to MCR 2.101(A).

Townsend also makes a number of policy-based objections to the practice of issuing deposition subpoenas and engaging in other types of discovery in probate proceedings when a contested civil action has not been commenced. However, the history of the probate rules reveals that discovery has always been permitted in probate court proceedings, including the period when MCR 5.101 provided that the *only* form

of action in the probate court was a "proceeding."[2] Because we conclude that the court rules authorized the issuance of the subpoena at issue, Townsend must seek relief from the Supreme Court in the form of further amendment of the court rules to vindicate the policy concerns she has raised.

Accordingly, we reverse the order of the probate court imposing sanctions against Lipton under MCR 2.114.

Reversed.

---

[2] MCR 5.101 was amended by the Supreme Court in 1992. See 439 Mich clxii. According to the staff comment to MCR 5.101, the amendment was made "to deal with cases brought under the expanded jurisdiction of the Probate Court granted by 1989 PA 69." See also *In re Gordon Estate,* 222 Mich App 148, 154-155; 564 NW2d 497 (1997).