*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF MICHAEL N. TWINING.

---

FRED TICE, Personal Representative of the Estate of MICHAEL N. TWINING,

　　　　　Appellee,

v

MELVIN TWINING,

　　　　　Appellant,

and

KRISTEN RICHARDS, Conservator/Guardian of the Minor Children, also known as KRISTIN RICHARDS,

　　　　　Appellee.

UNPUBLISHED
March 12, 2019

No. 344204
Oceana Probate Court
LC No. 2016-000169-DE

---

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Melvin Twining appeals by right the probate court's order directing him to pay a portion of insurance proceeds he received upon the death of his son, decedent Michael N. Twining, to decedent's estate. We affirm.

## I. BACKGROUND

The parties' respective claims to the insurance proceeds at issue in this matter revolve around two other lawsuits. During their marriage, decedent and Kristin Richards had two children who remained minors at all times relevant to this matter. In 2012, the circuit court for Muskegon County entered a divorce judgment which, in pertinent part, required decedent to make monthly child support payments to Kristin. In order to provide security for the payment of

-1-

his support obligations in the event of his death, the judgment also ordered decedent to "irrevocably designate the minor children of the parties as the beneficiary on any and all life insurance policies presently outstanding upon his life, until his duty to support shall cease." At the time, decedent had a group life insurance policy issued by Prudential Insurance Company of America which provided for payment of death benefits in the amount of $400,000 upon his death.

Following decedent's death in 2016, both Melvin and Kristin asserted entitlement to the insurance benefits payable by Prudential. Prudential initiated an interpleader action in the federal district court for the western district of Michigan seeking a determination as to who was entitled to the insurance proceeds. Pursuant to a Rule 68[1] offer of judgment made by Kristin on behalf of the minor children and accepted by Melvin, the federal court ordered that Melvin and the minor children would each receive approximately one-third of the insurance proceeds.

Shortly thereafter, on December 27, 2017, Kristin filed a statement and proof of claim with the probate court in the amount of $62,365.80 for "child support due to failure to properly designate beneficiary of life insurance policies pursuant to Judgment of Divorce; $670.60 per month for 93 months." The personal representative of the estate then filed a petition alleging that Melvin's receipt of in excess of $120,000 in insurance proceeds violated the judgment of divorce and resulted in unjust enrichment at the expense of decedent's estate in the amount of the unpaid child support obligations. Melvin opposed the petition on both procedural and substantive grounds. The probate court ultimately rejected Melvin's objections and ordered Melvin to pay $62,365.80 to the estate to satisfy Kristin's creditor claim.

## II. STANDARD OF REVIEW

Issues involving the proper interpretation of court rules present questions of law which this Court reviews de novo. *Progress Mich v Attorney General*, 324 Mich App 659, 665; ___ NW2d ___ (2018). We review a probate court's dispositional rulings for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. The probate court's factual findings are reviewed for clear error. *In re Koehler Estate*, 314 Mich App 667, 673-674; 888 NW2d 432 (2016). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. at 674 (quotation marks and citation omitted).

## III. MCR 5.101

On appeal, Melvin first argues that the probate court erred by allowing this matter to continue as a probate proceeding because the dispute had to be litigated as a civil action pursuant to MCR 5.101(C)(1). We agree that the probate court erred in this regard, but conclude that the court's error does not warrant reversal.

---

[1] See FR Civ P 68.

We construe court rules in the same manner as statutes. *In re Brown*, 229 Mich App 496, 500; 582 NW2d 530 (1998). "If the plain and ordinary language of a court rule is clear, judicial construction is neither necessary nor permitted." *Id*. At issue in this appeal is the proper interpretation of MCR 5.101, which provides:

> **(A) Form of Action.** There are two forms of action, a "proceeding" and a "civil action."
>
> **(B) Commencement of Proceeding.** A proceeding is commenced by filing an application or a petition with the court.
>
> **(C) Civil Actions, Commencement, Governing Rules.** The following actions must be titled civil actions and commenced by filing a complaint and are governed by the rules applicable to civil actions in circuit court:
>
> (1) Any action against another filed by a fiduciary or trustee.
>
> (2) Any action filed by a claimant after notice that the claim has been disallowed.
>
> **(D)** Records are public except as otherwise indicated in court rule and statute.

In distinguishing civil actions from proceedings, MCR 5.101(C) uses the mandatory term "must." See *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009) ("The term 'must' indicates that something is mandatory."). Because the mandatory nature of this provision is evident from its unambiguous language, judicial construction is unnecessary. *In re Brown*, 229 Mich App at 500. Therefore, to the extent that the underlying dispute in this matter was either an "action against another filed by a fiduciary or trustee," or an "action filed by a claimant after notice that the claim has been disallowed," MCR 5.101(C) requires, without qualification, that the action be titled as a civil action and commenced by filing a complaint.

As he did before the probate court, Melvin maintains that this matter fell within the scope of MCR 5.101(C)(1), i.e., an "action against another filed by a fiduciary or trustee." We agree. This action was initiated by a petition filed by the personal representative of the estate. A personal representative is undoubtedly a fiduciary, *In re DeCoste Estate*, 317 Mich App 339, 353; 894 NW2d 685 (2016), citing MCL 700.3703(1), so the action was "filed by a fiduciary" for purposes of MCR 5.101(C)(1). By filing the petition, the personal representative sought to compel Melvin to turn over insurance proceeds awarded by the federal court. The life insurance policy involved a nonprobate transfer, see MCL 700.6101, such that the proceeds awarded to Melvin in the federal interpleader case were not property of the estate. We therefore construe the petition as one involving "an action against another filed by a fiduciary or trustee." Consequently, pursuant to the unambiguously mandatory language of MCR 5.101(C)(1), the personal representative was obligated to commence this matter as a civil action by filing a complaint, rather than a probate proceeding initiated by a petition. The probate court erred by concluding that the petition was properly filed under MCR 5.101.

Nevertheless, this Court does not reverse an erroneous decision when the resulting error was harmless. *Chastain v Gen Motors Corp*, 254 Mich App 576, 586; 657 NW2d 804 (2002). In deciding whether to disturb a judgment or order, this Court considers whether failing to do so appears inconsistent with substantial justice. *Id*. Melvin argues that, as a result of the probate court's error, he was denied rights and defenses that would have been available in a civil action, namely, res judicata, failure to file a timely creditor claim, and failure to plead or prove fraud with particularity. We disagree.

First and foremost, Melvin has cited no authority for the proposition that he was barred from raising these defenses based upon the probate court's decision to permit the matter to continue as a proceeding. Thus, Melvin effectively abandoned review of this issue. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 518; 885 NW2d 861 (2016). In any event, MCR 5.119(B) provides that "[a]n interested person may object to a pending petition orally at the hearing or by filing and serving a paper which conforms with MCR 5.113." And assuming, *arguendo*, that Melvin was somehow prevented from raising these defenses by the court rules or governing statutes, in this case, the probate court clearly permitted Melvin to raise any defenses he wished to assert before it ruled on the petition.

Indeed, while Melvin's briefing before the probate court did not use the term "res judicata," as a practical matter, it appears that he raised that defense in response to the petition. The doctrine of res judicata bars subsequent litigation in a second action where the claim arises from the same transaction and was, or could have been, litigated in an earlier action. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003). "Res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies." *Id*. at 10. Melvin argued that Kristin's claim had been litigated and settled in the earlier federal case because her response to the interpleader complaint referred to the life insurance provision in the judgment of divorce. Thus, according to Melvin, the settlement of the federal case effectively resolved any issues concerning the interplay between the judgment of divorce and the insurance proceeds. The probate court rejected Melvin's argument, finding that the federal court declined to hear any arguments regarding the judgment of divorce. In other words, the effect of the divorce judgment could not have been resolved in the federal case, thereby negating the application of res judicata as a bar to the later petition. Accordingly, Melvin's contention that he was denied a res judicata defense based upon the procedural posture of the case lacks merit.

Melvin's argument concerning his inability to challenge the timeliness of the creditor claim is similarly unpersuasive. The probate court permitted Melvin, through his attorney, to place his objections on the record at a hearing and to file a supplemental brief detailing his position. In his brief, Melvin raised four distinct arguments in opposition to the relief requested in the petition. Of those arguments, only one concerned the effect of MCR 5.101; the balance of the arguments were substantive attacks on the viability of the petition. Despite being given the unqualified opportunity to raise available defenses, Melvin did not challenge the claim as

untimely. Given Melvin's failure to present this issue to the probate court,[2] we decline to address the substantive merits of this defense. *Loutts v Loutts*, 298 Mich App 21, 23; 826 NW2d 152 (2012) (stating that issues first raised on appeal need not be addressed).

Lastly, although Melvin correctly observes that fraud must be pleaded with particularity in Michigan, MCR 2.112(B), he also acknowledges that the estate did not pursue recovery of the insurance proceeds based upon fraud. Accordingly, the heightened pleading standard required for claims of fraud has no applicability in this case. While the probate court admittedly referred to decedent's "fraudulent" act of changing the beneficiary of his life insurance policy in violation of the judgment of divorce, the propriety of the probate court's references to fraud is not properly before this Court. In his statement of the questions presented for review, Melvin identified two distinct, narrow issues: whether the probate court erred in applying MCR 5.101(C)(1) by allowing this matter to go forward on the petition, and whether the probate court's failure to consider the existence of an annuity rendered its decision against the great weight of the evidence. We do not ordinarily consider issues beyond the scope of the statement of questions presented. *City of Fraser v Almeda Univ*, 314 Mich App 79, 99 n 4; 886 NW2d 730 (2016), citing MCR 7.212(C)(5) and *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001).

On appeal, Melvin raised the issue of fraud only in the context of identifying the defenses he was deprived as a result of the probate court's erroneous application of MCR 5.101(C)(1). However, he does not explain, nor can we discern, how the probate court's mistaken procedural ruling caused it to discuss fraud, rather than unjust enrichment, in its opinion and order. To the contrary, had the probate court correctly determined that this matter had to be commenced as a civil action, Melvin would still have been unable to raise the deficient pleading of fraud as a defense because the estate never asserted a claim of fraud. Instead, to the extent that Melvin wished to challenge the probate court's ambiguous references to fraud, he should have moved for reconsideration below or asserted a separate claim of error concerning the court's finding.

## IV. SURVIVOR BENEFIT ANNUITY

Next, Melvin argues that the probate court's failure to consider the existence of an annuity that he alleges would have satisfied decedent's outstanding support obligations rendered the probate court's dispositional ruling against the great weight of the evidence. We disagree.

In support of his contention that such an annuity exists, Melvin relies upon a single-page retiree account statement that includes a section captioned, "SURVIVOR BENEFIT PLAN (SBP) COVERAGE[.]" The probate court considered social security and survivor benefits, ruling that

> the Judgment of Divorce makes no provision for after-acquired social security or
> death benefits. A modification or reduction of the child support obligation by

---

[2] Melvin's related argument that the personal representative breached his fiduciary duties was, likewise, not presented to the probate court and need not be addressed on appeal.

such benefits would be inconsistent with the agreement of the parties. Rather than modifying the child support obligation, I deem it more appropriate to preserve the status quo pursuant to the terms of the Judgment of Divorce. To the extent the children are entitled to receive social security or death benefits, same shall be considered supplemental to the child support obligation secured by the terms and provisions of the Judgment of Divorce.

We find no error in the probate court's handling of the annuity.

Kristin's claim arose from the terms of the judgment of divorce, which required decedent to "irrevocably designate the minor children of the parties as the beneficiary on any and all life insurance policies *presently outstanding upon his life*, until his duty to support shall cease." (Emphasis added.) Melvin himself asserted before the probate court that "the annuity was created by the Decedent to cover any potential support obligations." We infer from this statement that the annuity was established after decedent's support obligations were established; that is, after entry of the judgment of divorce. Because it does not appear that the annuity was "presently outstanding" at the time the judgment of divorce was entered, the terms of the judgment are not applicable to the annuity. In contrast, the Prudential life insurance policy was in place at the time the parties divorced and is, therefore, subject to the requirements of the judgment of divorce.

Affirmed.[3]

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica

---

[3] Apart from the probate court's purported failure to consider the annuity, we have not been asked to review the probate court's ultimate determination that the estate was entitled to recover the amount of unpaid child support obligations from Melvin's insurance proceeds. This opinion, therefore, should not be read as opining on the propriety of the probate court's interpretation of the divorce judgment or controlling caselaw.