*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

NORTH SHORE BANK, FSB,

Plaintiff-Appellant,

UNPUBLISHED
May 21, 2019

v

SANDRA M. SLADE,

No. 342209
Macomb Circuit Court
LC No. 2017-004262-CZ

Defendant-Appellee.

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Plaintiff North Shore Bank, FSB (North Shore) appeals as of right an order granting declaratory relief in favor of defendant Sandra M. Slade (Slade). We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

Slade purchased a recreational vehicle (RV) from General RV Center, Inc. On the same day, Slade entered into a retail installment contract (installment contract) and security agreement with General RV Center to finance the purchase. Under the terms of the security agreement, Slade granted a security interest in the RV to General RV Center. Also on that day, General RV Center assigned the installment contract to North Shore.

This is not the first time the parties have engaged in litigation. In the first lawsuit between the parties, Slade filed a complaint against North Shore, General RV Center, and Keystone RV Company (the RV's manufacturer) asserting that the RV was defective (the first lawsuit). In particular, in a six-count complaint, Slade alleged fraud and/or misrepresentation, breach of the implied warranties of merchantability and fitness for a particular purpose,[1] and she also sought to revoke her acceptance of the RV pursuant to MCL 440.2608(1). Slade also

---

[1] See MCL 440.2314 and MCL 440.2315.

alleged liability pursuant to the Magnuson-Moss Warranty Act, 15 USC 2301 *et seq.*, and violations of Michigan's Consumer Protection Act (MCPA), MCL 445.901 *et seq.* The final count of the complaint in the first lawsuit alleged holder liability against North Shore pursuant to 16 CFR 433.2 (2019). As pertinent to this appeal, in the first lawsuit the parties accepted a case evaluation award of $15,000 in favor of Slade and against North Shore, General RV, and Keystone RV Company. Slade was paid the $15,000 within 28 days after notification of the acceptances and the trial court entered an order dismissing the action with prejudice on April 11, 2017. As pertinent to this appeal, Slade remained up to date with her payments pursuant to the installment contract and did not default until July 14, 2017. According to the record, Slade remains in possession of the RV.

Thereafter, North Shore initiated the instant action against Slade, alleging, in Count I, breach of contract, in Count II, claim and delivery, in Count III, unjust enrichment, in Count IV, common law conversion and, in Count V, statutory conversion. According to North Shore, Slade had breached the installment contract by failing to make timely payments. North Shore demanded, pursuant to the installment contract, that Slade pay the entire unpaid balance of the loan plus additional charges, such as costs, expenses, and attorney fees, and that Slade give possession of the RV to North Shore. Along with its complaint, North Shore filed a motion pursuant to MCR 3.105(E) for possession of the RV pending final judgment. Slade filed a response to North Shore's motion, asserting that any claims brought under the installment contract were unenforceable because the parties mutually accepted case evaluation and an order of dismissal with prejudice was entered in the first lawsuit. In addition, Slade requested that the trial court grant declaratory judgment pursuant to MCR 2.605(A), stating that North Shore's right to enforce the installment contract was extinguished in the prior action. In reply, North Shore asked that the trial court deny Slade's motion for declaratory judgment. It argued that, contrary to what Slade suggested, its claims were not barred by the legal doctrine of res judicata because Slade's alleged breach of the installment contract did not happen until after the prior action was dismissed. The trial court agreed with Slade's position and granted her motion for declaratory judgment.[2] This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's ruling on a motion for declaratory judgment. *Englund v State Farm Mut Auto Ins Co*, 190 Mich App 120, 121; 475 NW2d 369 (1991). To the extent that this appeal requires us to interpret the applicable court rule governing case evaluation, this is a question of law that we review de novo. *State Treasurer v Bences*, 318 Mich App 146, 149; 896 NW2d 93 (2016).

## III. ANALYSIS

North Shore contends that the trial court erred by granting declaratory relief in favor of Slade. We agree.

---

[2] The trial court observed that North Shore claimed that as of October 20, 2017, Slade owed $30,743.78 pursuant to the terms of the installment contract.

Our analysis begins with the plain language of MCR 2.403. "The construction of a court rule is subject to the same basic principles that govern statutory interpretation. If the plain and ordinary language of a court rule is clear, judicial construction is neither necessary nor permitted." *In re Brown*, 229 Mich App 496, 500-501; 582 NW2d 530 (1998) (citations omitted). MCR 2.403 provides, in pertinent part:

**(M) Effect of Acceptance of Evaluation**.

(1) If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. *The judgment or dismissal shall be deemed to dispose of all claims in the action* and includes all fees, costs, and interest to the date it is entered, except for cases involving rights to personal protection insurance benefits under MCL 500.3101 *et seq.*, for which judgment or dismissal shall not be deemed to dispose of claims that have not accrued as of the date of the case evaluation hearing. [Emphasis added.]

The parties do not dispute that each of them accepted the case evaluation in the first lawsuit and that the first lawsuit was dismissed with prejudice as a result. What the parties disagree on is whether their mutual acceptance of the case evaluation, and the resulting dismissal of the first lawsuit, precludes North Shore from bringing the claims at issue in the instant case seeking recovery against Slade pursuant to the terms of the installment contract. The parties offer differing viewpoints with respect to whether their mutual acceptance of case evaluation, in the words of Slade in her brief on appeal, "extinguished" the installment contract. Accordingly, the dispositive issue in this case that we must decide is whether the order of dismissal entered following the parties' acceptance of the case evaluation award in the first lawsuit precludes North Shore from proceeding with this action to enforce the terms of the installment agreement.

The parties both point our attention to the Supreme Court's decision in *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 550-551; 640 NW2d 256 (2002), but for the reasons articulated subsequently in this opinion, the Supreme Court's ruling is not dispositive of our analysis. In *CAM Constr*, the plaintiff brought a four-count action against the defendant for failure to pay for services rendered and breach of contract. The trial court granted the defendant's motion for summary disposition on one count, which the plaintiff did not appeal. *Id*. at 551. On case evaluation, the case evaluation panel awarded the plaintiff $5,400 and the parties both accepted. *Id*. at 551-552. After the defendant asked the trial court to enter an order dismissing the case in its entirety with prejudice, the trial court declined to do so, and the plaintiff appealed the summary disposition ruling. *Id*. at 552-553. Our Supreme Court held that the mutually accepted case evaluation had ended all claims in the case and that the plaintiff could not appeal the grant of summary disposition on the one count. *Id*. at 553-554. Our Supreme Court explained:

The language of MCR 2.403(M)(1) could not be more clear that accepting a case evaluation means that *all claims* in the *action*, even those summarily disposed, are dismissed. Thus, allowing bifurcation of the claims within such actions, as plaintiff suggests, would be directly contrary to the language of the rule. We,

therefore, reject plaintiff's position because it is contrary to the court rule's unambiguous language that upon the parties' acceptance of a case evaluation all claims in the action be disposed. [*CAM Constr*, 465 Mich at 555 (footnote omitted).]

The deciding issue in *CAM Constr* was whether the plaintiff could "appeal an earlier partial summary disposition ruling where the parties have subsequently accepted a case evaluation award." *Id*. at 553. In ruling on this issue, the Supreme Court consulted the dictionary definition of the words "claim" and "action" as used in MCR 2.403(M)(1). Specifically, the *CAM Constr* Court explained that a *claim* "consists of facts giving rise to a right asserted in a judicial proceeding, which is an *action*. In other words, the *action* encompasses the *claims* asserted." *CAM Constr*, 465 Mich at 555. Importantly, the *CAM Constr* Court was not asked to consider the specific question that is at issue in this appeal, namely whether a party that has accepted a case evaluation award in a prior action may nonetheless pursue additional claims that were not pending in the initial action. Accordingly, while we are mindful of the Supreme Court's interpretation of MCR 2.403(M)(1) as requiring that "*all claims* in [an] *action*, . . . are dismissed[,]" *CAM Constr*, 465 at 555, a key factor distinguishing the present case from *CAM Constr* is that the claims that North Shore is pursuing against Slade, all of which stem from Slade's nonpayment of her financial obligations pursuant to the parties' installment contract, were not pending in the first lawsuit and had not accrued at that time because Slade was still timely in making her payments throughout the pendency of the first lawsuit. Therefore, we disagree with the trial court's determination that MCR 2.403(M)(1) operates to bar North Shore's claims in the present case as North Shore's claims were not part of the initial action that ended because of the parties' mutual acceptance of case evaluation.

Additionally, we disagree with the foundational premise underlying the trial court's ruling, that the validity and enforceability of the installment contract was a claim that was dismissed by virtue of the parties mutually accepting case evaluation. Moreover, we do not agree with the trial court's conclusion in its written ruling that "the subject of the prior action was the validity and enforceability of the installment contract[.]" Instead, a close review of Slade's complaint filed in the first lawsuit reflects that the claims that she alleged did not seek to avoid the enforcement of the installment contract. Importantly, while throughout her complaint in the first lawsuit Slade generally, and in a cursory fashion, repeated that she sought "[e]quitable *relief*, including, but not limited to, cancellation of the subject retail installment contract[,]" she did not allege substantive *claims* seeking to preclude enforcement of the terms of the installment contract.[3] Our reasoning is consistent with our Supreme Court's repeated admonition that "unless a contract . . . violates [the] law or one of the traditional defenses to the enforceability of

---

[3] While Slade did generally allege fraud and misrepresentation in her complaint in the first lawsuit, her allegations pertained to her acceptance of the RV, as opposed to claiming that the "[installment] contract was obtained as a result of fraud or misrepresentation[,]" and in this claim she did not seek rescission, reformation or cancellation of the installment contract, or allege that there was fraud in the procurement of the contract. *Titan Ins Co v Hyten*, 491 Mich 547, 555, 557; 817 NW2d 562 (2012).

-4-

a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). The Supreme Court has further articulated that "[o]nly recognized traditional contract defenses may be used to avoid the enforcement of [a contract,]" and that such traditional defenses include "duress, waiver, estoppel, fraud or unconscionability." *Id*. at 470 n 23.[4] We also note that our decision is congruent with the purpose underlying case evaluation, which is to allow for the efficient resolution of cases and to avoid litigation being conducted "piecemeal." *Magdich & Assoc, PC v Novi Dev Assoc, LLC*, 305 Mich App 272, 280; 851 NW2d 585 (2014). Given that the trial court's ruling on Slade's motion for declaratory judgment was based on its incorrect conclusion that North Shore's ability to enforce the installment contract was "extinguished" after the parties mutually accepted case evaluation, we reverse its decision in favor of Slade.

Finally, to the extent that Slade argues that res judicata applies in this case and bars North Shore's claims, we again disagree.[5]

The legal doctrine of res judicata precludes an action when facts or evidence essential to the action are identical to those in a prior action between the same parties. *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001). The intent behind the doctrine is "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014) (quotation marks and citation omitted). Res judicata bars a claim when: " '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' " *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016), quoting *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). The party asserting res judicata has the burden of proving its applicability. *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002).

We acknowledge that the initial two requirements necessary to invoke the doctrine of res judicata were satisfied in this case as (1) both North Shore and Slade were parties to the first lawsuit and (2) there was a decision on the merits after the parties accepted the case evaluation award and the trial court entered an order of dismissal with prejudice. See *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1998) (holding that a

---

[4] Although this case implicates the Uniform Commercial Code (UCC), MCL 440.1101 *et seq*., the common law governing contracts remains applicable. See generally *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006) (applying general contract principles in the context of an installment contract for the sale of goods). Specifically, MCL 440.1103(2) provides that "[u]nless displaced by the particular provisions of [the UCC], the principles of law and equity, including the law merchant [sic] and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invaliding cause shall supplement its provisions."

[5] We review de novo the trial court's application of the doctrine of res judicata. *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016).

voluntary dismissal with prejudice constitutes a decision on the merits); *Magdich*, 305 Mich App at 276-277 ("An accepted [case] evaluation serves as a final adjudication . . . and is therefore binding on the parties similar to a consent judgment or settlement agreement.") (Citation and quotation marks omitted.)  With respect to the third requirement, Slade is hard-pressed to claim that North Shore's claims arising from her non-payment of her financial responsibilities pursuant to the installment contract ought to have been raised in the first lawsuit, given that the record is clear that Slade was not in default on her payment obligations until July 14, 2017, over three months after the first lawsuit concluded.  *Garrett*, 314 Mich App at 441.  Under such circumstances, we disagree with Slade that North Shore's claims are barred by the doctrine of res judicata.[6]

## IV.  CONCLUSION

We reverse and remand for proceedings consistent with this opinion.  North Shore, as the prevailing party, may tax costs pursuant to MCR 7.219.  We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

---

[6] Slade's brief on appeal and North Shore's reply brief address the Holder Rule.  Generally, the Holder Rule refers to federal law that preserves a consumer's right to assert the same legal claims and defenses against anyone who has accepted seller-arranged financing as the consumer would have against the seller.  16 CFR 433.2 (2019); see also MCL 492.114a(b).  In this case, the Holder Rule is not material to the disposition of this appeal because the parties agree that the Holder Rule applies and that Slade's claims and defenses against General RV can be made against North Shore.  To the extent that Slade asserts in her brief on appeal that she was entitled to withhold her payments from North Shore given the alleged defects in the RV and that she has a "complete defense" to North Shore's claim for payment, see e.g. *Music Acceptance Corp v Lofing*, 32 Cal App 4th 610, 628-629; 39 Cal Rptr 2d 159 (1995), it is not necessary for us to reach this question as we were asked to determine (1) whether MCR 2.403(M)(1) bars North Shore's claims and (2) if the installment contract was extinguished by the order of dismissal in the first lawsuit.