*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 27, 2023

Plaintiff-Appellee,

v

No. 361197
Monroe Circuit Court
LC No. 2019-245452-FH

TRISTIAN MICHAEL HORNEY,

Defendant-Appellant.

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Following a plea of guilty to one count of third-degree home invasion, MCL 750.110a(4), defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to jail time and probation. After defendant violated the terms of his probation, the trial court revoked defendant's probation and imposed an above-guidelines sentence of 3 to 7½ years' imprisonment. Defendant now appeals as on leave granted.[1] Defendant contends that he is entitled to resentencing because (1) his sentence exceeded the caps for technical probation violations pursuant to MCL 771.4b(1), (2) the court improperly justified its sentence based on defendant's failure to pay restitution without conducting an ability-to-pay analysis as required by MCL 769.5(6), and (3) his departure sentence was unreasonable and disproportionate. We conclude that the trial court failed to fully articulate the reasons justifying the sentence it imposed, particularly regarding the extent of its

---

[1] This Court initially denied defendant's application for leave to appeal. See *People v Horney*, unpublished order of the Court of Appeals, entered June 13, 2022 (Docket No. 361197). Defendant appealed this denial to the Michigan Supreme Court, and the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court as on leave granted. *People v Horney*, ___ Mich ___; 984 NW2d 215 (2023).

departure sentence, and remand for the trial court to further explain its reasoning or resentence defendant.[2]

## I. BACKGROUND

This appeal arises from defendant's entry of a dwelling without permission and destruction of property therein. As previously indicated, defendant pled guilty, as a second-offense habitual offender, to one count of third-degree home invasion. Defendant was initially sentenced to 200 days in jail, with credit for 87 days served, two years of probation and ordered to pay restitution of $1,370, plus other costs, fines, and fees.

From October 2020 through May 2021, the trial court authorized numerous bench warrants alleging that defendant violated his probation. The most recent of these alleged that defendant violated probation by engaging in retail fraud in August 2020; the warrant also alleged that defendant was convicted of retail fraud, and it included eight other alleged violations not specifically at issue here. That same day this warrant was filed, defendant, in a separate case, pleaded guilty to one count of retail fraud from August 2020. Defendant entered into a plea agreement whereby he pled guilty to violating his probation in the instant case based on his retail-fraud conviction, in exchange for dismissal of the remaining alleged probation violations. Following his plea, the trial court committed defendant to jail for 165 days, with credit for 119 days served; placed him on a tether for 90 days after release; and extended his probation another year.

Three months later, the trial court authorized a bench warrant alleging that defendant again violated his probation by (1) committing retail fraud in early August 2021 (2) using or possessing a controlled substance in late July 2021, and (3) failing to follow his tether schedule multiple times. The trial court held a probation violation hearing and found defendant guilty on all three probation violations. A Probation Violation Report (PVR) from the Michigan Department of Corrections (MDOC) recommended that defendant's probation be revoked and he be sentenced to 3 to 7½ years' imprisonment, which was above the guidelines minimum sentence range of 7 to 28 months for defendant's offense of third-degree home invasion.

The trial court revoked defendant's probation and imposed the recommended above-guidelines sentence. The court noted the guidelines minimum sentence range of 7 to 28 months for defendant's offense and reasoned as follows:

> [Defendant has] been here 100 times it seems like and, you know, it's not ending well. Not a nickel has been paid in restitution, even though this is a '19 case[,] or any of the other costs. The [PVR], which is not objected to says that [defendant] told the agent that [he] didn't want to work with the Michigan Rep staff and [he] didn't want to enter mental health court. [Defendant] got let out of jail early because you punched the wall and [he] got an infection in [his] hand. So, let out early and as a result of that, then [defendant] tested positive for Fentanyl. [He]

---

[2] In reaching this conclusion, we make no holding regarding the proportionality of the sentence imposed.

committed retail fraud while on tether, all of which [he was] convicted of at the violation of probation hearing.

It's clear that [defendant is] not capable of following or willing to follow the terms and conditions of probation. People who get treatment want to be helped. I don't think that's true here. You know, actions speak louder than words and [defendant's] actions clearly outweigh what [he is] telling me today.

This appeal followed.

## II. STANDARDS OF REVIEW

We review the trial court's imposition of a sentence for an abuse of discretion, which occurs when "[a] decision falls outside the principled range of outcomes." *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013). Questions of law regarding sentencing, including issues of statutory interpretation, are reviewed de novo. *Id*.; see also *People v Butler*, 315 Mich App 546, 549; (2016). "In interpreting a statute, we first look to the statute's plain language. If the statute's language is clear, we apply it as written." *Butler*, 315 Mich App at 449-550. "A trial court necessarily abuses its discretion when it makes an error of law." *People v Coleman*, 327 Mich App 430, 443; 937 NW2d 372 (2019).

Further, a sentence above the guidelines range is reviewed for reasonableness. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). We also apply an abuse of discretion standard when reviewing the reasonableness of a sentence. *Id*. Specifically, we must ask "whether the trial court abused its discretion by violating the principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), abrogated by statute as recognized in *People v Armisted*, 295 Mich App 32, 51-52 (2011), readopted in *People v Steanhouse*, 500 Mich 453, 471-475 (2017). *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

However, we conclude that defendant failed to preserve his claims of legal error separate from his proportionality argument by never raising these at sentencing, so we review them for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); see also *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015) (requiring the defendant to object at sentencing to preserve his constitutional sentencing challenges). To avoid forfeiture under plain error review,

three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. . . . Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings[] independent of the defendant's innocence. [*People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (quotation marks and citations omitted).]

We acknowledge that "[t]here are no special steps that a defendant must take to preserve the question whether the[ir] sentence was proportional," and "there is no preservation requirement when the trial court imposes a sentence more severe than sentencing guidelines recommend," *People v Walden*, 319 Mich App 344, 350-351; 901 NW2d 142 (2017). But *Walden* cited *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008), for this latter, general proposition, and *Smith*'s statement of this rule relied on MCL 769.34(7), see *Smith*, 82 Mich at 300, 300 n 18, which does not apply to defendant's grounds for relief concerning MCL 771.4b(1) and MCL 769.5(6). Accordingly, the provision this Court set forth in *Walden* only allows for appeal "on grounds that [the sentence] is longer or more severe than the appropriate sentence range," MCL 769.34(7). Relative to this matter, the issue of whether the sentence "…is longer or more severe than the appropriate sentence range," is addressed under the separate issue regarding the reasonableness and proportionality of defendant's departure sentence. Further, although an above-guidelines sentence is appealable under MCL 769.34(10) even when a defendant fails to raise a particular issue at sentencing, in a motion for resentencing, or in a motion to remand, *Kimble*, 470 Mich at 311-312, subsection 10 is specific to "error[s] in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence," MCL 769.34(10), which, despite defendant's contentions to the contrary, are not at issue in this case.

III.  ANALYSIS

A.  MCL 771.4b(1)

Defendant argues that he is entitled to resentencing because his sentence exceeded the caps for technical probation violations pursuant to MCL 771.4b(1).

Defendant argues that the trial court erred by not considering the jail caps under MCL 771.4b(1), failing to make any distinction between the technical and nontechnical probation violations at issue, and never addressing why its departure sentence was more appropriate than these jail caps. Defendant does admit that he was found guilty on one nontechnical probation violation because of the August 2021 retail-fraud charge against him, however, he claims that because this charge has since been dropped, he was not found guilty of a nontechnical probation violation. Defendant argues, therefore, that the two technical probation violations for his drug use and tether violations are all that remain, and he "should only be sentenced" on these, with MCL 771.4b(1) limiting punishment for such technical violations to minimal jail time.

MCL 771.4b(1) provides, in relevant part:

> Except as otherwise provided in this section, a probationer who commits a technical probation violation and is sentenced to temporary incarceration may be incarcerated for each technical violation as follows:
>
> * * *
>
> (b) For a technical violation committed by an individual who is on probation because he or she was convicted of or pleaded guilty to a felony:
>
> (i) For a first violation, jail incarceration for not more than 15 days.

-4-

(ii) For a second violation, jail incarceration for not more than 30 days.

(iii) For a third violation, jail incarceration for not more than 45 days.

(iv) For a fourth or subsequent violation, jail or prison incarceration for any number of days, but not exceeding the total of the remaining eligible jail or prison sentence.

Pursuant to MCL 771.4b(9)(b):

"Technical probation violation" means a violation of the terms of a probationer's probation order that is not listed below, including missing or failing a drug test, subparagraph (ii) notwithstanding. Technical probation violations do not include the following:

(i) A violation of an order of the court requiring that the probationer have no contact with a named individual.

(ii) A violation of a law of this state, a political subdivision of this state, another state, or the United States or of tribal law, whether or not a new criminal offense is charged.

(iii) The consumption of alcohol by a probationer who is on probation for a felony violation of section 625 of the Michigan vehicle code, 1949 PA 300, MCL 257.625.

(iv) Absconding.

The parties do not dispute MCL 771.4b(1)'s limiting effect on a trial court's sentencing authority regarding technical probation violations. The essential dispute, therefore, is merely whether the nontechnical probation violation here for the August 2021 retail fraud renders the sentencing caps inapplicable in this case. We acknowledge that the charge against defendant for the August 2021 retail fraud was dropped by order of *nolle prosequi* on April 12, 2022.[3] However,

---

[3] We note that this evidence is not in the lower court record, and attempts to enlarge the record on appeal are generally prohibited. See *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011) (declining to consider evidence not before the trial court when it decided on the motion at issue). Nevertheless, "[a] trial court may take judicial notice of any records of the court where it sits," and "an appellate court can properly take judicial notice of any matter which the court of original jurisdiction may take notice." *People v Sinclair*, 387 Mich 91, 103; 194 NW2d 878 (1972). See also MRE 201(a) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") and (e) ("Judicial notice may be taken at any stage of the proceeding."). While appellant counsel should avoid similar errors in future proceedings, for purposes of this case, we take judicial notice of this court record.

the prosecution correctly argues that, under MCL 771.4b(9)(ii), no actual criminal offense need be charged for nontechnical violations arising out of the violation of state law. See also *People v Perry*, 201 Mich App 347, 348-349, 351-353; 505 NW2d 909 (1993) (affirming revocation of probation and imprisonment for violating state law despite the underlying charge being dismissed *before* the probation violation hearing).

Here, notwithstanding the dropped charge, the trial court found sufficient evidence at the probation violation hearing to find that defendant violated state law regarding the August 2021 retail fraud, a determination defendant does not contest on appeal. Accordingly, the jail caps in MCL 771.4b(1) do not apply to such nontechnical probation violations and the trial court was within its authority to sentence defendant on the underlying offenses; the three probation violations at issue.

### B. MCL 769.5(6)

Defendant argues that he is entitled to resentencing because the trial court improperly justified its sentence based on his failure to pay restitution without conducting an ability-to-pay analysis as required by MCL 769.5(6).

According to defendant, MCL 769.5(6) requires courts to conduct an ability-to-pay analysis before imposing an additional sentence based on a defendant's failure to pay restitution or other financial obligations. Defendant faults the trial court for never doing so here before imposing its sentence. Further, defendant's asserts that his presentence investigation report (PSIR) confirms he did not have an ability to pay restitution because of a serious 2019 automobile accident and his struggles with drug addiction.

Contrary to defendant's argument, MCL 769.5(6) is inapplicable to this case. MCL 769.5(6) provides:

> If the finding of contempt of court under subsection (5) is for nonpayment of fines, costs, or other legal financial obligations, the court must find on the record that the person is able to comply with the payments without manifest hardship, and that the person has not made a good-faith effort to do so, before imposing an additional sentence.

Under MCL 769.5(5),

> If the court finds that the sentenced person has not complied with his or her sentence, including a nonjail or nonprobation sentence, the court may issue an order for the person to show cause why he or she should not be held in contempt of court for not complying with the sentence. If the court finds the person in contempt, it may impose an additional sentence, including jail or probation if appropriate.

Here, defendant fails to recognize that the trial court never found defendant in contempt for failing to pay restitution as required by his original sentence. Hence, the statutory subsections relied on by defendant do not apply. Rather, the record makes clear that the trial court made a passing reference to defendant's failure to pay restitution as another relevant factor indicative that

defendant was not succeeding on probation. Additionally, our Supreme Court has concluded that an ability-to-pay assessment is only necessary before imposing fees or costs "when . . . the defendant contests his [or her] ability to pay." *People v Jackson*, 483 Mich 271, 298; 769 NW2d 630 (2009). Defendant never contested his ability to pay restitution at any point during this case, hence, under these circumstances, the trial court did not err by referring to defendant's failure to pay restitution without conducting any analysis of his ability to pay. Contrary to defendant's assertions on appeal, there was no error, hence, the trial court did not commit plain error affecting defendant's substantial rights. Defendant is not entitled to relief on this issue.

## C. PROPORTIONALITY

Defendant argues that he is entitled to resentencing because his departure sentence was unreasonable and disproportionate. According to defendant, the trial court failed to consider the low severity of defendant's offense and the individual facts and circumstances of his case, and never explained why its sentence was more proportionate to the offense and offender than another sentence would have been. According to defendant, the trial court failed to justify the particular extent of its departure, and its purported justifications were already accounted for by the guidelines range.

Defendant argues further the trial court improperly based its departure sentence on defendant's failure to pay restitution, as already addressed, and his positive drug test, which was a technical violation subject to MCL 771.4b(1)'s jail caps. According to defendant, the trial court also partially relied on defendant's early release from jail because of a medical condition, which was completely irrelevant to defendant's sentencing. And while the court also relied on defendant's refusal to work with Michigan Rep staff or enter mental health court, defendant contends that no such action was ever court-ordered, and that he maintained at the probation violation sentencing that he had made voluntary, good-faith efforts to address his substance abuse and mental health.

In *Lockridge*, 498 Mich 358, our Supreme Court held that Michigan's sentencing guidelines are merely advisory in a trial court's sentencing determination. However, "[the guidelines] remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. Accordingly, while a trial court no longer needs to give a "substantial and compelling reason" to depart from the guidelines range, it must "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 391-392. Trial courts must also justify the sentence given to facilitate appellate review. *Id*. at 392.

The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460. This requires the trial court to "take into account the nature of the offense and the background of the offender" to ensure "that the sentence[] imposed . . . [is] proportionate to the seriousness of the matter[]." *Milbourn*, 435 Mich at 651. The trial court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525, quoting *Smith*, 482 Mich at 311. In determining whether an above-guidelines sentence is more proportionate than a sentence within the guidelines range, courts consider "(1) whether the guidelines accurately reflect the

seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted). Relevant factors not considered by the guidelines include, among other things, "the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019).

Further, when a trial court revokes a defendant's probation, the trial court is permitted "to sentence the defendant as if probation had never been granted." *People v Henrick*, 472 Mich 555, 561-562; 697 NW2d 511 (2005). The sentencing guidelines apply to a sentence imposed after a probation violation, and the trial court may consider the acts giving rise to the probation violation in determining whether to depart from the guidelines. *Id*. at 557, 560. Specifically, "[t]he act giving rise to [a] probation violation may provide a substantial and compelling reason to depart from the legislative sentencing guidelines." *Id*. at 160.

Here, the trial court explicitly referenced the minimum sentencing guidelines range for defendant's underlying offense, then reasoned that its above-guidelines sentence was justified due to defendant's continued criminality and inability or unwillingness to follow the terms and conditions of probation. However, we cannot find within the record where the trial court sufficiently explained its justification in the record, particularly regarding the extent of its departure. While the court did reference the recommended minimum sentencing guidelines range, it never stated "why the sentence imposed [wa]s more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525. The trial court here expressed its justifications and imposed the above-guidelines sentence without a proper explanation of why the recommended guidelines range would be insufficient, or why the particular departure was warranted instead.

Expression on the record of the trial court's rationale is necessary both to ensure the reasonableness of defendant's sentence, i.e., the proportionality in relation to the offenses and the offender, and to allow for meaningful appellate review by this Court. And because this Court "cannot substitute its own judgment about why the departure was justified[, a] sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Lastly, our Supreme Court has directed that, when "[not all] reasons articulated by the trial court for departing from the sentencing guidelines w[ere] valid, . . . it [is] unclear whether it would have departed solely [based on the valid reason(s)], and . . . its reasoning for the extent of departure was difficult to ascertain," this Court should "remand for the trial court to either resentence or to further articulate its reasons for departure." *Steanhouse*, 504 Mich at 969 (emphasis added).

For these reasons, we remand this case for the trial court to further articulate its reasoning for its upward departure sentence or to resentence defendant. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien